OPINION
{¶ 1} Plaintiff-appellant Mark Gibbs is the surviving spouse of, and executor of the estate of, Rhonda Gibbs (formerly known as Rhonda Stanley). He appeals from an Amended Qualified Domestic Relations Order filed in the Montgomery County Court of Common Pleas, Domestic Division, in Rhonda's divorce action against her previous husband, defendant-appellee William Stanley. The QDRO at issue gives William, as required by the decree of divorce, an interest in Rhonda's pension and retirement benefits. Gibbs contends that the trial court erred by permitting the filing of an amended QDRO, because he claims it violates the terms of the divorce decree.
 {¶ 2} We conclude that the trial court did not err by permitting theiling of an amended QDRO. First, the amendment was ordered by an agreed order signed by attorneys for both parties. Second, the amendment did not modify the terms of the final decree. Finally, the amendment was warranted because the prior QDRO's filed in this case by Rhonda's attorneys did violate the terms of the final decree by altering William's interest in Rhonda's retirement benefits. Accordingly the judgment of the trial court is affirmed.
 I {¶ 3} Rhonda Stanley and William Stanley were divorced in 1996. Of relevance to this appeal, their decree of divorce provided for the division of their pension funds as follows:
 {¶ 4} "* * * [Rhonda] shall receive at any time [William] retires, one-half (½) of [William's] retirement earned through United Parcel Service. Said interest shall be preserved in the form of a Qualified Domestic Relations Order.
 {¶ 5} "* * * [William] shall receive at any time [Rhonda] retires, one-half (½) of [Rhonda's] retirement earned through October 16, 1994. Said interest shall be preserved in the form of a Qualified Domestic Relations Order."
 {¶ 6} In 1998, a QDRO was filed in the record. This QDRO, for the division of Rhonda's pension, was prepared by William's attorney. It was signed by the trial judge and William's attorney, but was not signed by Rhonda's attorney. It appears from the record that Rhonda's employer rejected this QDRO because it failed to comply with the requirements set forth by the pension plan administrator.
 {¶ 7} Thereafter in May and November of 2000, Rhonda's attorney prepared and filed two separate QDRO's for the division of her pension. Neither of these QDRO's were signed by William's attorney. It appears that one of these QDRO's was accepted by the employer. The record also shows that both of these QDRO's contain errors that altered the terms of the decree. Specifically, the QDRO's provide that William will receive benefits accrued during ten years of the marriage rather than the seventeen years stated in the decree. Further, they both provide that William's benefits will commence on November 6, 2020 — an arbitrary date not set forth in the decree.
 {¶ 8} On October 23, 2002, William filed a Civ.R. 60(B)(5) motion to vacate the QDRO's filed by Rhonda's attorney and to modify the one filed by his attorney. Thereafter, Rhonda died on November 13, 2002. Her surviving spouse, Mark Gibbs, was appointed as the executor of her estate and he was substituted as a party to the divorce action.
 {¶ 9} On March 19, 2003, an Agreed Order granting William's Civ.R. 60(B)(5) motion was entered. The order stated in pertinent part, as follows:
 {¶ 10} "Upon due consideration of the decree of divorce, the Qualified Domestic Relations Orders, the motion, affidavits and exhibits filed herein, the tendered amended Qualified Domestic Relations Order and the evidence, the Court finds that the motion is well taken and hereby orders that the Qualified Domestic Relations Orders filed on May 1, 2000 and November 8, 2000 are vacated and the Qualified Domestic Relations Order filed on September 8, 1998 is hereby ordered to be amended and superceded by the amended Qualified Domestic Relations Order tendered by [William's] supplemental memorandum served March 17, 2003."
 {¶ 11} This agreed order was signed by the attorneys for both parties. A QDRO identical to that filed with the supplemental memorandum was filed on the same date as the agreed order. However, while the amended QDRO was signed by the judge and William's attorney, it was not signed by the attorney for Gibbs, but was marked with the notation "Seen but not approved" in the line provided for Gibbs' attorney's signature.
 {¶ 12} Gibbs filed a notice of appeal on March 31, 2003. His notice of appeal states that he appeals solely from the Amended QDRO filed of record on March 19. It does not purport to appeal from the Agreed Order. The Civil Docket Statement filed in conjunction with the appeal states that the probable issue for review involves the claim that the amended QDRO failed to conform to the Final Judgment and Decree of Divorce.
 II {¶ 13} Gibbs' sole assignment of error is as follows:
 {¶ 14} "THE TRIAL COURT ERRED TO THE SUBSTANTIAL PREJUDICE AND DUE PROCESS RIGHTS OF PLAINTIFF BY APPROVING THE AMENDED QUALIFIED DOMESTIC RELATIONS ORDER WHICH WAS FILED ON MARCH 19, 2003."
 {¶ 15} The essence of Gibbs' argument centers on his claim that because the prior QDRO (filed by Rhonda's attorney and accepted by Rhonda's employer) was a final judgment, the trial court impermissibly permitted the filing of the amended QDRO. In support, he argues that R.C. 3015.17(I) [sic] prohibits the modification of final orders dividing marital property. He also contends that the new QDRO filed with the agreed order violates the terms of the Final Decree.
 {¶ 16} "It is well settled that pension benefits are marital assets subject to division upon divorce or dissolution." Weller v. Weller
(1996), 115 Ohio App.3d 173, 178, citation omitted. In order to effectuate the division of pension benefits a trial court may use a Qualified Domestic Relations Order (QDRO). Id. A QDRO is merely an "order in aid of execution" of a final decree of divorce. DiFrangia v.DiFrangia, 2003-Ohio-6090, ¶ 24, citation omitted.
 {¶ 17} In general, a trial court may not modify a final decree regarding the distribution of property rights in a divorce action. See, R.C. 3105.171(I), "a division or disbursement of property or a distributive award made under this section is not subject to future modification by the court." However, "while a trial court does not have continuing jurisdiction to modify a marital property division incident to a divorce or dissolution decree, it has the power to clarify and construe its original property division so as to effectuate its judgment." Murphyv. Murphy, 2002-Ohio-7277, ¶ 15, quoting Gordon v. Gordon (2001),144 Ohio App.3d 21, 23.
 {¶ 18} In this case, William appropriately filed a motion to modify and vacate pursuant to Civ.R. 60(B)(5), based upon his claim that he was not given notice that Rhonda's attorney had filed the two QDRO's, and upon the claim that they both modified the terms of the decree by limiting the number of years of the marriage and by setting the date for commencement at the year 2020.
 {¶ 19} To prevail on a motion for relief from judgment pursuant to Civ.R. 60(B), the movant must establish three requirements: (1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time. G.T.E. Automatic Electric v. A.R.C. Industries (1976),47 Ohio St.2d 146, paragraph two of the syllabus. All three requirements must be satisfied before a Civ.R. 60(B) motion can be granted. RoseChevrolet, Inc. v. Adams (1988), 36 Ohio St.3d 17, 20, citation omitted. The decision as to whether to grant relief from judgment is entrusted to the sound discretion of trial court, and the ruling will not be disturbed on appeal absent a showing of abuse of discretion. Griffey v. Rajan
(1987), 33 Ohio St.3d 75, 77.
 {¶ 20} Gibbs does not appeal from the trial court's decision to grant William relief pursuant to Civ.R. 60(B). Indeed, he does not even intimate that William was not entitled to relief, or that the trial court abused its discretion by providing relief. Instead, he attempts to limit his appeal to the QDRO that was agreed to and filed along with the order granting Civ.R. 60(B) relief. We have reviewed the record in this case, and we conclude that the trial court did not abuse its discretion in granting the motion for relief, by an order agreed to by both parties, because the record supports a finding that the QDRO's accepted by Rhonda's employer altered the terms of the Final Decree and that William was not provided notice of these QDRO's, or an opportunity to review them.
 {¶ 21} Moreover, Gibbs ignores the fact that the order granting William relief is an agreed order, signed by attorneys for both parties, which specifically provides that the new QDRO be filed to replace and supersede all prior QDRO's. The amended QDRO is identical to the one tendered with the motion for relief; about this there is no dispute. "It is axiomatic that a party may not appeal a judgment to which it has agreed." Wells v. Spirit Fabricating Ltd. (Sept. 7, 1995), Cuyahoga App. No. 67940. Further, in this case, there is no indication of fraud, duress or undue influence with regard to the execution of the agreed order. Thus, Gibbs cannot now claim that the QDRO to which he agreed is flawed. Furthermore, we find no support for Gibbs' claim that the amended QDRO modifies the terms of the final judgment and decree of divorce.
 {¶ 22} Accordingly, Gibbs' sole assignment of error is overruled.
 III {¶ 23} Gibbs' sole assignment of error having been overruled, the judgment of the trial court is affirmed.
 . . . . . . . . . . . . .
Grady and Young, JJ., concur.