JOURNAL ENTRY AND OPINION
{¶ 1} Appellant, I.T.,[1] appeals the denial of a motion for relief from judgment handed down by the common pleas court, juvenile division, on April 4, 2004. For the reasons that follow, we affirm the decision of the trial court.
 {¶ 2} Appellant's two children were removed from her care in 1999 due to allegations of educational neglect, poor hygiene and medical neglect. They were committed to the permanent custody of the Cuyahoga County Department of Children and Family Services ("CCDCFS") in 2002; that decision was subsequently affirmed by this court. In Re M.H. V.H.,
Cuyahoga App. No. 81893, 2003-Ohio-7053.
 {¶ 3} On February 20, 2004, appellant filed with the juvenile court a motion for relief from judgment, pursuant to Civ.R. 60(B), seeking to vacate the grant of permanent custody. That motion was denied by the trial court, without a hearing, in a journal entry dated April 4, 2004. Appellant now appeals, with two assignments of error. For clarity, we will address appellant's assignments of error together.
 {¶ 4} "I. The trial court abused its discretion and erred to the prejudice of appellant when it denied appellant's motion for relief from judgment where appellant demonstrated operative facts entitling relief under civil rule 60(b)."
 {¶ 5} "II. The trial court erred to the prejudice of appellant in denying appellant's motion for relief from judgment where the operative facts alleged by appellant required at a minimum a hearing on the merits."
 {¶ 6} A person filing a motion for relief from judgment under Civ.R. 60(B) is not automatically entitled to such relief nor to a hearing on the motion. Reed v. The Basement, Cuyahoga App. No. 82022, 2003-Ohio-4565, citing Pisani v. Pisani (Sept. 19, 1996), Cuyahoga App. No. 70018. GTEAutomatic Electric, Inc. v. Arc Industries, Inc. (1976), 47 Ohio St.2d 146, paragraph two of the syllabus, provides a three-part demonstration for the granting of a motion for relief from judgment: (1) that the moving party has a meritorious defense or claim to present if relief is granted; (2) that the moving party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and, (3) that the motion for relief is made within a reasonable time. Only if a moving party demonstrates all three elements of GTE is an evidentiary hearing warranted on the motion for relief. Kay v. Marc Glassman, Inc. (1996),76 Ohio St.3d 18. What constitutes a reasonable time for filing the motion for relief is left to the sound discretion of the trial court.Wells v. Spirit Fabricating, Ltd. (1996), 113 Ohio App.3d 282, 290;Payne v. Payne (May 20, 1999), Cuyahoga App. No. 74014 at 8.
 {¶ 7} The standard of review to be applied in appeals from the award or denial of Civ.R. 60(B) motions is an abuse-of-discretion standard.Associated Estates Corp. v. Fellows (1983), 11 Ohio App.3d 112,463 N.E.2d 417; Doddridge v. Fitzpatrick (1978), 53 Ohio St.2d 9,371 N.E.2d 214. An abuse of discretion implies more than an error of law or judgment. Rather, abuse of discretion suggests that the trial court acted in an unreasonable, arbitrary, or unconscionable manner. In re JaneDoe 1 (1991), 57 Ohio St.3d 135; Blakemore v. Blakemore (1983),5 Ohio St.3d 217. "`The term discretion itself involves the idea of choice, of an exercise of will, of a determination, made between competing considerations. In order to have an `abuse' in reaching such determination, the result must be so palpably and grossly violative of fact and logic that it evidences not the exercise of will but the perversity of will, not the exercise of judgment but the defiance thereof, not the exercise of reason but rather of passion or bias.'" Id. at 845-846, quoting Huffman v. Hair Surgeons, Inc. (1985),19 Ohio St.3d 83, 87.
 {¶ 8} Appellant claims her motion arises pursuant to Civ.R. 60(B)(5); this rule is intended as a catch-all provision reflecting the inherent power of the trial court to relieve a person from the unjust operation of a judgment. In re Schutte, Clinton App. No. CA2002-05-042, 2003-Ohio-2371, citing Caruso-Ciresi, Inc. v. Lohman (1983), 5 Ohio St.3d 64, 66,448 N.E.2d 1365. However, it is clear from the record presented that appellant seeks relief from judgment under Civ.R. 60(B)(3). She repeatedly cites as the basis for her motion fraud and misconduct on the part of CCDCFS social workers, the foster mother charged with caring for the children, and the social workers from Youngstown Family Services who were involved in the case. However, appellant filed her 60(B) motion on February 20, 2004 — 17 months after the trial court journalized its permanent custody entry on September 23, 2002. Civ.R. 60(B) requires that a motion pursuant to that section must be made within a reasonable time, and not more than one year after the judgment, order or proceeding was taken in the case of subsections (1), (2) or (3). Appellant, therefore, cannot meet the timeliness requirement of the GTE test. See Cecilia R.v. Eddie M., Lucas App. No. L-04-1044, 2005-Ohio-1676. {¶ 9} Further, appellant has not demonstrated that she has a meritorious claim to pursue should relief from judgment be granted. Although she asserts her basis for requesting relief from judgment is "newly discovered evidence," she fails to demonstrated that this "new evidence" could not have been discovered in time to move for a new trial under Civ.R. 59(B), as is required by Civ.R. 60(B)(2). In fact, none of the appellant's allegations as argued in the 60(B) motion are new; she merely reargues issues settled in the underlying permanent custody case. A valid, final judgment rendered upon the merits of a case bars all subsequent actions based upon any claim arising out of the transaction or occurrence that was the subject matter of the previous action. Manohar v. Massillon CommunityHospital (1997), 122 Ohio App.3d 715, 718, quoting Grava v. ParkmanTwp. (1995), 73 Ohio St.3d 379, syllabus. The doctrine also bars the relitigation of issues that were raised on appeal or could have been raised on appeal. In re Hoffman, Stark App. Nos. 2002CA0419 
2002CA0422, 2003-Ohio-1241, paragraph 33, citing State v. Cole (1982),2 Ohio St.3d 112, 443 N.E.2d 169.
 {¶ 10} This court has already ruled on the legal question concerning the weight of the evidence after a complete review of the trial record; the award of permanent custody was upheld by this court on direct appeal. "The decision of a reviewing court in a case remains the law of that case on legal questions involved for all subsequent proceedings in the case at both the trial and reviewing levels." Nolan v. Nolan (1984), 11 Ohio St.3d 1, 3, 462 N.E.2d 410.
 {¶ 11} Appellant may not circumvent the permanent custody judgment by the filing of a Civ.R. 60(B) motion. Therefore, appellant's claims are now barred by res judicata, and she cannot reach the first prong of theGTE test. Accordingly, we find that the trial court did not abuse its discretion in denying appellant's 60(B) motion without a hearing because she has failed to meet the requirements of the GTE test. Appellant's two assignments of error are hereby overruled.
Judgment affirmed.
It is ordered that appellee recover of appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the common pleas court, juvenile division, to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Gallagher, J., and Calabrese, Jr., J., Concur.
[1] The parties are referred to herein by their initials or title in accordance with this court's established policy regarding non-disclosure of identities in juvenile cases.