JOURNAL ENTRY AND OPINION
{¶ 1} In this appeal, defendant-appellant, Paul Danforth ("Paul"), appeals pro se from the judgment of the Cuyahoga County Court of Common Pleas, Domestic Relations Division, which dismissed his motion for relief from judgment. For the following reasons, we affirm the decision of the trial court.
 {¶ 2} On August 4, 1983, the trial court granted a divorce to Devra Danforth ("Devra"), awarding her custody of the parties' two minor children, and ordered Paul to pay child support in the amount of $120 per week. On December 18, 1986, the trial court, pursuant to Devra's motion to show cause, entered an agreed judgment entry, under which Paul agreed to pay a lump sum of $2,500, plus $50 per month toward a $3,226 arrearage and remained fully obligated to pay a current support of $120 per week.
 {¶ 3} On November 22, 1988, Paul filed a pro se motion to reduce child support. In response, Devra filed a motion to reduce child support arrearages to a lump sum judgment. On January 30, 1989, a hearing was held. On March 9, 1989, the trial court denied Paul's motion to reduce child support and granted Devra's motion and entered a lump sum arrearage judgment of $2,739.46. Paul did not appeal from this judgment.
 {¶ 4} On July 20, 1992, Paul and Devra signed an agreed judgment entry, which listed Paul's arrears at $21,971.89 and his agreement to pay $120 per week plus an additional $50 per week towards the arrearage. Paul did not appeal from this order.
 {¶ 5} On March 12, 1998, Paul filed another motion to modify child support. On April 14, 1998, CSEA filed a motion to show cause. Hearings before a magistrate were held on October 6, 1998 and May 3, 1999. On October 29, 1999, the magistrate denied Paul's motion to reduce support and granted CSEA's motion to show cause and ordered Paul to pay child support in the amount of $31,726.19. On February 4, 2000, Paul filed objections to the magistrate's decision. On April 13, 2000, the trial court overruled his objections and adopted the magistrate's decision. Paul timely appealed that decision. On April 5, 2001, this Court affirmed the decision of the trial court.
 {¶ 6} On April 25, 2005 — more than sixteen years after the order became finalized — Paul filed a motion seeking to set aside the March 6, 1989 judgment. In this motion, Paul argued that he was denied his right to due process at the January 30, 1989 hearing. Specifically, Paul claims that the trial judge did not conduct a hearing on his motion to modify support.
 {¶ 7} On June 14, 2005, a hearing was held. At the hearing, CSEA moved to dismiss Paul's motion for relief from judgment on the grounds that the issues raised in his motion were previously decided in Danforth v. Danforth (April 5, 2001), Cuyahoga App. No. 72897 ("Danforth I"). In response, Paul challenged the standing of the assistant county prosecutor to intervene in the proceeding on behalf of CSEA. The trial court granted CSEA's motion to dismiss based on res judicata. It is from this decision that Paul timely appeals and raises three assignments of error, which will be addressed out of order and together where appropriate.
 {¶ 8} "II. Whether the trial court erred on [sic] permitting a non party to enter into the proceeding and make an oral motion to dismiss which was granted."[1]
 {¶ 9} In his second assignment of error, Paul argues that the trial court erred in granting CSEA's motion to dismiss, since CSEA did not have standing in the case. In support, Paul cites to numerous cases which provide that CSEA does not have standing to initiate action or participate in an appeal when it fails to properly intervene. Paul's reliance on these cases is misplaced. On April 14, 1998, CSEA filed a motion to intervene, which was granted by the trial court on April 24, 1998. Accordingly, CSEA is a real party in interest and had the right to participate in the hearing. Paul's second assignment of error is overruled.
 {¶ 10} "I. Whether the trial court erred in failing to hold a hearing on a properly filed motion for relief from judgment pursuant to Rules of Civil Procedure, Rule 60(B)(5).
 {¶ 11} "III. Whether the trial court erred in determining that appellant's motion for relief from judgment pursuant to Rules of Civil Procedure, Rule 60(B)(5) was moot based upon the doctrine of res judicata."
 {¶ 12} Since both of these assignments of error deal with the trial court's dismissal of Paul's motion for relief from judgment, they shall be addressed together.
 {¶ 13} In order to prevail on a Civ.R. 60(B) motion for relief from judgment, the moving party bears the burden to demonstrate that (1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time. GTEAutomatic Elec., Inc. v. ARC Industries, Inc. (1976),47 Ohio St.2d 146. The failure to demonstrate all of the above requirements will result in a denial of his request for relief. The decision whether to grant relief from judgment lies within the discretion of the trial court. Rose Chevrolet, Inc. v.Adams (1988), 36 Ohio St.3d 17, 20.
 {¶ 14} In order to merit a hearing and prevail, a motion under Civ.R. 60(B) must be accompanied by a memorandum of facts and law and evidentiary materials containing operative facts which would warrant relief under the rule. Adomeit v. Baltimore
(1974), 39 Ohio App.2d 97. Specifically, the movant must submit factual materials which, on its face, demonstrate the timeliness of the motion, reasons why the motion should be granted, and that he has a defense. Id. A trial court need not hold an evidentiary hearing if the movant fails to demonstrate all three elements.Yanky v. Yanky, Cuyahoga App. No. 83020, 2004-Ohio-489, citingKay v. Marc Glassman, Inc., 76 Ohio St.3d 18.
 {¶ 15} Here, Paul failed to specify in his motion under which subsection of Civ.R. 60(B) he was seeking relief. Regardless, the result is the same. As indicated above, Paul filed his Civ.R. 60(B) motion more than 16 years after the trial court issued its decision. There is no question that his motion was untimely filed. Therefore, he cannot meet the timeliness requirement of the GTE test. See In re M.H., Cuyahoga App. No. 85308,2005-Ohio-2854.
 {¶ 16} Further, Paul has not demonstrated that he has a meritorious claim to pursue should relief from judgment be granted. His basis for requesting relief from judgment is that "no hearing was held before Judge Maxwell on January 30, 1989." However, this identical argument was made to and rejected by this Court in Danforth I, supra. Specifically, this Court addressed Paul's argument "regarding the lack of a hearing for his 1988 Motion to Reduce Child Support," and stated the following:
 {¶ 17} "Contrary to Paul's allegation that no hearing took place, a review of the record indicates that Judge Maxwell held a hearing on January 30, 1989 to consider Paul's Motion to Modify Child Support and Devra's Motion to Reduce Installment Child Support Arrearages to a Lump Sum Judgment."
 {¶ 18} A valid, final judgment rendered upon the merits of a case bars all subsequent actions based upon any claim arising out of the transaction or occurrence that was the subject matter of the previous action. Manohar v. Massillon Community Hospital
(1997), 122 Ohio App.3d 715, 718. The doctrine also bars the relitigation of issues that were raised on appeal or could have been raised on appeal. In re M.H., supra.
 {¶ 19} This Court has already ruled on the legal question concerning the occurrence of a hearing on January 30, 1989; all of Paul's arguments were without merit and the judgment of the trial court was upheld by this Court on direct appeal. The decision of a reviewing court in a case remains the law of that case on legal questions involved for all subsequent proceedings in the case at both the trial and reviewing levels. Nolan v.Nolan (1984), 11 Ohio St.3d 1, 3. Paul's claims are now barred by res judicata, and he cannot reach the first prong of the GTE
test.
 {¶ 20} Finally, with regard to the trial court's failure to conduct a hearing on Paul's motion, we again find no error. If the motion for relief fails to allege operative facts that would warrant relief, the court need not conduct a hearing. Inasmuch as we have found that Paul failed to present such facts, the trial court did not abuse its discretion in failing to hold a hearing.
 {¶ 21} The first and third assignments of error are overruled. Judgment affirmed.
It is ordered that appellee recover of appellant her costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Court of Common Pleas, Domestic Relations Division, to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Karpinski, J., and Kilbane, J., Concur.
[1] Appellant has confused the form of an issue with an assignment of error.