DECISION AND JUDGMENT ENTRY
{¶ 1} This case is before the court on appeal from the judgment of the Lucas County Court of Common Pleas which vacated the default judgment entered in favor of appellant, Chiaverini, Inc., against appellee, Gail Little. For the reasons that follow, we affirm the decision of the trial court.
 {¶ 2} Appellant filed its complaint against appellee on January 5, 2006, claiming that, without appellant's consent, appellee took possession of appellant's property, including gold, diamonds, watches, coin, and jewelry, and sold it to Frenchie's Fine *Page 2 
Jewelry, Coins Stamps, Inc. for a price much lower than the property's market value. This matter is a refiling of an earlier case which appellant dismissed without prejudice.
 {¶ 3} On May 25, 2006, the trial court issued a judgment entry to appellant stating that more than 28 days had passed since service was obtained on appellee, and ordering appellant to file a motion for default judgment on or before June 16, 2006. On June 12, 2006, appellant filed a motion for default judgment which was granted and journalized by the trial court on June 16, 2006.
 {¶ 4} On July 12, 2006, appellee filed a motion to set aside the default judgment, pursuant to Civ.R. 55(B) and 60(B), on the bases that (1) the parties entered into a "Settlement Agreement and Mutual Release" on August 23, 2005 whereby the parties agreed to release any claims they had against each other, including the claims asserted in this case by appellant against appellee; (2) appellant's counsel represented to appellee's counsel that the case would be dismissed as soon as the August agreement was signed by all parties and sent to appellant's counsel, which was done on June 16, 2006; and (3) appellee was never served with a copy of appellant's motion for default judgment, which certified that a copy of the foregoing "Notice of Appearance" was served on appellee at "2053 Glenwood Avenue," which appellee attested was not her address.
 {¶ 5} Appellant opposed appellee's motion to vacate default judgment. Appellant argued that appellee did not have a meritorious defense because she failed to execute a "Tolling Agreement," which was a condition of the August agreement. In particular, the agreement stated that appellee agreed to "execute a Tolling Agreement in favor of *Page 3 
[appellant] to toll the statue of limitations on any claim it may have against her for the sale of certain gold, jewelry and other items to Frenchie's Fine Jewelry in Monroe, Michigan." Appellee's "Tolling Agreement" was intended to "toll the statute of limitations until such time as the Corporation's current lawsuit against Frenchie's, case no. 2004-74891 in the United States District Court for the Eastern District of Michigan is concluded * * *." Appellant argued that in order to toll the statute for this cause of action, which had already been dismissed once without prejudice, appellee would have had to execute the tolling agreement by January 7, 2006, which appellant asserts appellee failed to do.
 {¶ 6} The matter was called for hearing on appellee's motion to set aside default judgment. In its judgment entry, journalized on October 16, 2006, the trial court vacated appellant's default judgment, and stated:
 {¶ 7} "Upon review of the file, the court finds that a [sic] evidentiary hearing on the motion is unnecessary. The court further finds that its entry granting the default judgment filed June 13, 2006 was in violation of General Division Rule 5.04(D) for the Lucas County Common Pleas Court and therefore void."
 {¶ 8} Appellant appeals the trial court's decision and raises the following as its sole assignment of error:
 {¶ 9} "The trial court erred when it vacated the final judgment entry of June 13, 2006, on its own initiative when the judgment was not void." *Page 4 
 {¶ 10} Appellant asserts that a judgment rendered by a court of competent jurisdiction is not void because of errors, informalities, or irregularities in the rendering thereof Rather, the judgment is merely voidable pursuant to Civ.R. 60(B). Appellant argues that the trial court failed to vacate the judgment in accordance with Civ.R. 60(B) and, instead, upon its own volition, erroneously held that its judgment was void. Alternatively, appellant argues that, even if the trial court violated general division rule 5.04(D), by not allowing appellee sufficient time to respond to the motion for default judgment, the remedy for legal error by the trial court is through appeal, not Civ.R. 60(B). Finally, appellant argues that Rule 5.05(A) of the General Division of the Lucas County Common Pleas Court, not Rule 5.04(D), applies to this case. Specifically, appellant argues that the trial court did not have to allow appellee 14 days to respond to appellant's motion for default judgment, as required by Rule 5.04(D), because, since appellant failed to enter an appearance or raise a defense, no opposition to the motion for default judgment was expected. See Rule 5.05(A).
 {¶ 11} Initially, we find that appellant's reliance on Rule 5.05(A) is misplaced. Rule 5.05(A) states that "[f]or routine matters where no opposition is expected by the adversary or from the court (i.e. motions to allow telephone conferences, scheduling continuances for good cause, etc.) the court may sign the accompanying order before the submission date specified in 5.04(F)." Based on the list of examples provided, we find that a motion for default judgment was not one of the "routine" matters contemplated by the common pleas court's rule. Accordingly, we find that, pursuant to Rule 5.04(D), *Page 5 
appellee was entitled to file a memorandum in opposition to appellant's motion within 14 days after being served with the motion.
 {¶ 12} In granting appellee's motion to vacate default judgment, rather than relying on one of the propositions raised by appellee, the trial court found that the judgment must be vacated on the basis that it violated its own local rule, which allowed appellee 14 days to respond to appellant's motion for default judgment. Appellant focuses its argument on the fact that the trial court found its judgment was "void," rather than stating that it was "voidable," pursuant to Civ.R. 60(B). We agree that there is a legal distinction between the two words; nevertheless, we find that the trial court did not abuse its discretion in vacating the default judgment.
 {¶ 13} Pursuant to Civ.R. 55(B), "[i]f a judgment by default has been entered, the court may set it aside in accordance with Rule 60(B)." Appellee sought to have the default judgment vacated pursuant to Civ.R. 60(B), and the matter was called for hearing for consideration of that motion.
 {¶ 14} In order to prevail on a Civ.R. 60(B) motion for relief from judgment, the moving party bears the burden to demonstrate that (1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time. GTE Automatic Elec, Inc. v. ARC Industries, Inc.
(1976), 47 Ohio St.2d 146. The failure to demonstrate all of the above requirements will result in a denial of the request for relief.Danforth v. Danforth, Cuyahoga App. No. 86693, 2006-Ohio-2890. *Page 6 
The decision whether to grant relief from judgment lies within the discretion of the trial court. Rose Chevrolet, Inc. v. Adams (1988), 36 Ohio St.3d 17, 20. Civ.R. 60(B) states that "[o]n motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(B); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation or other misconduct of an adverse party; (4) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (5) any other reason justifying relief from the judgment."
 {¶ 15} In this case, appellee was denied the opportunity to respond to appellant's motion for default judgment because of the trial court's premature granting of appellant's motion. Appellant is correct that appellee never entered an appearance in this case prior to the court's grant of default judgment; however, we note that appellant's counsel attested to having communication with appellee's counsel on three separate occasions prior to filing appellant's motion for default judgment. Even though appellant asserts that appellee made an incorrect assumption, appellant's counsel was aware that appellee anticipated that this suit would be dismissed because the tolling agreement had been executed and provided to appellant's counsel. Moreover, appellee and her counsel attested that they were never served with a copy of appellant's motion. *Page 7 
 {¶ 16} Based on the foregoing, we find that the record demonstrates that appellee had a meritorious defense or claim to present if relief was granted, to wit, she was not served with a copy of the motion and/or the suit was barred pursuant to the parties' August 2005 agreement. We further find that Civ.R. 60(B) was timely filed and properly granted on the bases of mistake, excusable neglect, misrepresentation, and/or "any other reason justifying relief from the judgment." Accordingly, although the trial court vacated judgment on a proposition not raised by appellee, we nevertheless find that the trial court did not abuse its discretion in granting appellee's motion to vacate judgment. Appellant's sole assignment of error is therefore found not well-taken.
 {¶ 17} On consideration whereof, the court finds substantial justice has been done the party complaining and the judgment of the Lucas County Court of Common Pleas is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Lucas County.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4. *Page 8 
Peter M. Handwork, J., Mark L. Pietrykowski, P.J., Thomas J. Osowik, J. CONCUR. *Page 1