[Cite as *Esplandiu v. Esplandiu*, 2017-Ohio-5744.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 104750**

**JENNIFER ESPLANDIU**

PLAINTIFF-APPELLEE

vs.

**GELSOMINO ESPLANDIU**

DEFENDANT-APPELLANT

**JUDGMENT:**
AFFIRMED

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Domestic Relations Division
Case No. DR-13-349143

**BEFORE:** Stewart, J., Kilbane, P.J., and E.T. Gallagher, J.

**RELEASED AND JOURNALIZED:** July 6, 2017

**ATTORNEYS FOR APPELLANT**

Joseph G. Stafford
Nicole A. Cruz
Hannah R. Pasku
Stafford & Stafford Co., L.P.A.
55 Erieview Plaza, 5th Floor
Cleveland, OH 44114


**ATTORNEY FOR APPELLEE**

Mark A. Ziccarelli
Zicarelli & Martello
8754 Mentor Avenue
Mentor, OH 44060

MELODY J. STEWART, J.:

{¶1} Defendant-appellant Gelsomino Esplandiu appeals the trial court's denial of his motion for relief from judgment of a divorce decree and allocation of marital property. Finding no merit to his two assignments of error, we affirm the trial court's decision.

{¶2} During Gelsomino and plaintiff-appellee Jennifer Esplandiu's marriage, they came to own multiple businesses. Pursuant to their divorce action, they negotiated a separation agreement that was incorporated into the court's judgment entry. As relevant to the case, the agreement provided that each person would keep two of the four businesses that the couple owned together.

{¶3} One day shy of one year after the final judgment entry of divorce, Gelsomino disputed whether the marital property had been equitably distributed. Asserting that Jennifer had made fraudulent misrepresentations during the settlement and divorce that caused an unfair distribution of the property, Gelsomino moved the court to vacate the judgment pursuant to Civ.R. 60(B) and to conduct a full evidentiary hearing. Jennifer did not file a brief in opposition. The court, although initially setting a date for a hearing on the motion, nevertheless denied the motion before the hearing.

{¶4} In order to succeed on a motion for relief from judgment under Civ.R. 60(B), the moving party must demonstrate each of the following:

> (1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time, and, where the grounds for relief are Civ.R. 60(B)(1), (2), or (3), not more than one year after the judgment, order or proceeding was entered or taken.

*GTE Automatic Elec., Inc. v. ARC Industries, Inc.*, 47 Ohio St.2d 146, 351 N.E.2d 113 (1976), paragraph two of the syllabus. A trial court should overrule any Civ.R. 60(B) motion that fails to establish all three of these requirements. *Rose Chevrolet, Inc. v. Adams*, 36 Ohio St.3d 17, 20, 520 N.E.2d 564 (1988).

{¶5} When reviewing a trial court's denial of a motion for relief from judgment under Civ.R. 60(B), we recognize a trial court is vested with discretion to grant the motion. *Settonni v. Settonni*, 8th Dist. Cuyahoga No. 97784, 2012-Ohio-3084, ¶ 9, citing *Rose Chevrolet* at 20. We will not disturb a trial court's ruling absent an abuse of that discretion. *Id.* An abuse of discretion exists when a decision is unreasonable, arbitrary, or unconscionable. (Citations omitted.) *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983).

{¶6} In his first assignment of error, Gelsomino complains that the trial court erroneously denied his Civ.R. 60(B) motion as untimely. He argues that he is entitled to relief from judgment under three Civ.R. 60(B) subdivisions: (3) based on fraud, misrepresentation, or other misconduct of the adverse party; (4) because it is no longer equitable that the judgment should have prospective application; and (5) any other reason justifying relief from judgment. Those subdivisions require that the motion be made within a reasonable time, although subdivision (3) has as an additional requirement that the motion be made within one year. However, whether a Civ.R. 60(B) motion is timely depends on case-specific facts and circumstances. *Fed. Natl. Mtge. Assoc. v. Goldstein*, 8th Dist. Cuyahoga No. 87743, 2006-Ohio-6769, ¶ 13. What constitutes a "reasonable time" is a determination within the sound discretion of the trial court. *Ohio Carpenters' Fringe Benefit Fund v. Krulak*, 8th Dist. Cuyahoga No. 88872, 2008-Ohio-220, ¶ 27, quoting *In re Dissolution of Marriage of Watson,* 13 Ohio App.3d 344, 469 N.E.2d 876 (9th Dist.1983).

**{¶7}** Filing a Civ.R. 60(B) motion within one year of the judgment entry does not guarantee its timeliness. This court has repeatedly held as much where the movant failed to explain the reason for delay. *See, e.g., Kaczur v. Decara*, 8th Dist. Cuyahoga No. 67546, 1995 Ohio App. LEXIS 3038, 11 (July 20, 1995) (motion untimely where movant failed to explain reason for nine-month delay); *Natl. City Bank v. Hostelley*, 8th Dist. Cuyahoga No. 58554, 1991 Ohio App. LEXIS 3292, 5 (July 3, 1991) (motion filed less than ten weeks after learning of judgment, "devoid" of explanation for delay, was untimely); *Mt. Olive Baptist Church v. Pipkins Paints & Home Improvement Ctr., Inc.*, 64 Ohio App.2d 285, 289, 413 N.E.2d 850 (8th Dist.1979) (motion filed more than four months after judgment entered was untimely absent evidence explaining delay). The burden is on the movant to justify the delay. *Brackins v. Brackins*, 8th Dist. Cuyahoga No. 75025, 1999 Ohio App. LEXIS 6061, 8 (Dec. 16, 1999) (bare assertion that appellant was "diligent," in and of itself, failed to demonstrate delay was reasonable).

**{¶8}** Although Gelsomino asserted that his Civ.R. 60(B) motion was "timely," because it was filed just shy of one year, the motion provided no basis for the trial court to find as much. The court denied the motion as untimely, stating "[n]owhere in [Gelsomino's] Motion or Affidavit does he explain when he received the information that he is using as a basis for his Motion to Vacate * * * [and] he never states what information he discovered to support this allegation."

**{¶9}** While a moving party is not required to submit evidentiary material in support of a Civ.R. 60(B) motion, he must include more than "bare allegations" of entitlement to relief. *Kay v. Marc Glassman, Inc.*, 76 Ohio St.3d 18, 20, 665 N.E.2d 1102 (1996). This court has reiterated that the moving party bears the burden of proving timeliness and "[t]o sustain this

burden, 'good legal practice dictates that the movant * * * present allegations of operative facts'" demonstrating the motion is timely. *Brackins* at 8-9, quoting *Fouts v. Weiss-Carson*, 77 Ohio App.3d 563, 566, 602 N.E.2d 1231 (11th Dist.1991).

{¶10} Gelsomino asserted that his motion was timely, because he had "only recently discovered" the alleged fraud and misrepresentation, and that he had done so "shortly" before he filed his motion. These assertions were apparently too vague for the court to find that the motion was timely.

{¶11} Additionally, Gelsomino provided the court no operative facts to support his claim that his motion was timely. In his affidavit, Gelsomino gave as a basis for his claims that at the time of the settlement agreement Jennifer misrepresented that the two businesses she was to retain were "not performing well." He averred if her businesses were actually performing as alleged, that she would not have been able to afford subsequent improvements she made to her home. He also averred that "documentation and technology," and specifically the point of sale system used at one of the businesses demonstrated that Jennifer concealed income. Further, he averred that the two businesses he retained have performed meagerly in comparison to hers and that this demonstrated the purported fraud and misrepresentation. At best, these statements establish that Jennifer made improvements to her home and that her businesses are outperforming his. Gelsomino's motion and affidavit do not contain any information that would have allowed the court to find that his motion was timely made. We cannot say, therefore, that the court abused its discretion in denying his motion. The first assignment of error is overruled.

{¶12} In Gelsomino's second assigned error, he complains that the trial court abused its discretion when it set a date for an evidentiary hearing, but then denied his motion before the hearing could take place.

**{¶13}** A party moving for relief from judgment under Civ.R. 60(B) is not automatically entitled to an evidentiary hearing on that motion. *PNC Bank, N.A. v. DePalma*, 8th Dist. Cuyahoga No. 97566, 2012-Ohio-2774, ¶ 12, citing *Gaines & Stern Co., L.P.A. v. Schwarzwald, Robiner, Wolf & Rock, Co., L.P.A.*, 70 Ohio App.3d 643, 591 N.E.2d 866 (8th Dist.1990). The moving party bears the burden of proving entitlement to relief or a hearing on the motion. *ABL Wholesale Distribs. v. Clark Gas*, 8th Dist. Cuyahoga No. 100256, 2014-Ohio-2268, ¶ 13, citing *Adomeit v. Baltimore*, 39 Ohio App.2d 97, 105, 316 N.E.2d 469 (8th Dist.1974). A party shows entitlement to a hearing under Civ.R. 60(B) with allegations of operative facts that warrant relief under the rule. *Settonni*, 8th Dist. Cuyahoga No. 97784, 2012-Ohio-3084, at ¶ 39, citing *Kay*, 76 Ohio St.3d 18, 1996-Ohio-430, 665 N.E.2d 1102. Specifically, and as discussed above, the party's factual materials must, on the face, demonstrate timeliness, a reason why the motion should be grated, and a meritorious defense. *Danforth v. Danforth*, 8th Dist. Cuyahoga No. 86693, 2006-Ohio-2890, ¶ 14, citing *Kay, id.* If the party fails to demonstrate any one of those elements the trial court need not hold an evidentiary hearing. *Adomeit*, *id.* "If the material submitted by the movant in support of its motion contains no operative facts or meager and limited facts and conclusions of law, it will not be an abuse of discretion for the trial court to refuse to grant a hearing and overrule the motion." *Id*.

**{¶14}** As discussed in the previous assignment of error, the trial court found that Gelsomino was not entitled to relief under Civ.R. 60(B) because his motion was untimely. The court subsequently found that his motion did not contain "sufficient allegations of operative facts to warrant a hearing * * *."

**{¶15}** After a review of the record, we cannot find that the court abused its discretion by denying Gelsomino's motion without conducting a hearing. His second assignment of error is overruled.

**{¶16}** Judgment affirmed.

It is ordered that appellee recover of appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the domestic relations division to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
MELODY J. STEWART, JUDGE

MARY EILEEN KILBANE, P.J., and
EILEEN T. GALLAGHER, J., CONCUR