[Cite as *Marrs v. Mikel*, 2026-Ohio-935.]

# COURT OF APPEALS OF OHIO

# EIGHTH APPELLATE DISTRICT
# COUNTY OF CUYAHOGA

STEVEN D'WAYNE MARRS,                    :

    Plaintiff-Appellee,              :

                                           No. 115299

v.                                       :

SABRINA E. MICKEL,                       :

    Defendant-Appellant.             :

---

## JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** March 19, 2026

---

Civil Appeal from the Cuyahoga County Court of Common Pleas
Domestic Relations Division
Case No. DR-19-378637

---

### *Appearances:*

Stafford Cruz Law Company and Nicole A. Cruz, *for appellee.*

Jay F. Crook Attorney at Law, LLC and Jay F. Crook, *for appellant.*

EMANUELLA D. GROVES, J.:

{¶ 1} Defendant-appellant Sabrina E. Mickel ("Mickel") appeals the trial court's denial of her Civ.R. 60(B) motion for relief from judgment challenging a

qualified domestic relations order ("QDRO"). Upon review, we affirm the trial court's decision.

## I. Facts and Procedural History

{¶ 2} Plaintiff-appellee Steven D'Wayne Marrs ("Marrs") filed a complaint for divorce in September 2019. The divorce was finalized in November 2022, when the trial court issued a final-divorce-decree judgment entry ("divorce entry"). Mickel appealed the divorce entry, and we affirmed the trial court's decision in *Marrs v. Mickel*, 2023-Ohio-4528 (8th Dist.).

{¶ 3} In August 2023, the trial court issued a judgment entry ("contempt entry") finding Mickel in contempt of court for her failure to comply with the divorce entry as it pertained to the payment of spousal support to Marrs, Marrs' interest in Mickel's business, and Marrs' attorney fees; the listing and selling of the marital residence; and the division of Mickel's 401(K). After Mickel failed to comply with the contempt entry, Marrs filed motions to impose a jail sentence and show cause.

{¶ 4} In December 2024, the parties entered into an agreement to remedy Mickel's contempt. The agreement was memorialized in an agreed judgment entry ("agreed entry"), which was executed by Mickel, Marrs, and their attorneys. Relevant to this appeal, the parties agreed to the following conditions:

> [Mickel] shall transfer to [Marrs] the sum of $258,581.62 (as and for the remaining balance due to him for the division of her retirement) from her 401K account. Said transfer shall be an additional [QDRO]. QDRO to be executed within seven days of this entry.
>
> . . .

As an alternative to the additional QDRO set forth above, [Mickel] shall pay the sum of $258,581.62 directly to [Marrs] at the rate of $5,000.00 per month commencing on December 15, 2024 and due by the 15th of each month until paid in full.

Mickel did not challenge or appeal the agreed entry. While the agreed entry referenced Marrs' motion to impose a jail sentence and noted that "the parties ha[d] resolved their differences by agreement," the trial court did not enter a ruling on the motion. Nor did the trial court rule on Marrs' motion to show cause.

{¶ 5} A telephone conference was held on Marrs' pending motions in February 2025 and a trial was set for June 2025. In the interim, Mickel — who was represented by counsel — began filing several pro se motions, including a motion to strike the appearance of counsel and recognize her self-representation. Therein, Mickel stated that she discharged counsel and elected to proceed as a pro se litigant. Mickel's counsel subsequently filed a motion to withdraw, which was granted the day after the scheduled trial.

{¶ 6} Amongst her many pro se filings, Mickel also filed a motion to continue the trial. The trial court denied the motion, noting that the trial would proceed as scheduled. However, Mickel did not appear. That same day, Marrs filed a notice of submission of the additional QDRO prescribed by the agreed entry, and the trial court adopted the QDRO.

{¶ 7} In response, Mickel filed a motion for relief from judgment, which she amended days later. In the amended motion for relief from judgment, Mickel requested that the trial court vacate the QDRO resulting from the June 2025 hearing

pursuant to Civ.R. 60(B)(1), (3), and (5). Mickel argued that she "never received timely notice that her continuance had been denied" and that the QDRO included "a signature line falsely bearing [her] name, suggesting she consented or was present when, in fact, she was not." Mickel also questioned the legitimacy of the QDRO based on the timing of its filing. Mickel attached the following exhibits to her motion: a mailed envelope addressed to her from the trial court; an "affidavit of non-attendance and forgery," attesting that she did not (1) attend the hearing because she believed it had been continued or (2) sign or authorize the signing of her name on the QDRO; and the QDRO. Except for her purportedly forged signature, Mickel did not otherwise challenge the QDRO's contents.

{¶ 8} Marrs opposed the Civ.R. 60(B) motions, countering that Mickel failed to appear for the trial or justify her continued noncompliance with the trial court's orders. Marrs also argued that "what [Mickel] refers to as a signature" reads "Submitted."

{¶ 9} The trial court subsequently denied Mickel's motions for relief from judgment, finding that Mickel failed to present any operative facts demonstrating grounds for relief — including mistake or fraud.

{¶ 10} Mickel subsequently filed a notice of appeal and an amended notice of appeal from the judgment entry denying her Civ.R. 60(B) motion. Significantly, Mickel did not appeal the QDRO. Mickel also filed multiple motions and notices, some of which acknowledged that the QDRO "did not bear [Mickel's] actual signature" and instead included "only the word 'Submitted' on [her] signature line."

Nonetheless, Mickel maintained that the QDRO was "forged" and "fraudulent." After several pro se filings, counsel entered an appearance and filed an appellate brief on Mickel's behalf. Mickel, by and through counsel, raises a single assignment of error for review.

**Assignment of Error**

The trial court erred in denying, without hearing, [Mickel's] motion to vacate the [QDRO].

## II.　Law and Analysis

{¶ 11} In her sole assignment of error, Mickel argues that she "possessed numerous defenses to the adoption of the QDRO and her request for relief, at minimum, should have been ruled upon only after a hearing where she was allowed to present evidence." Specifically, Mickel asserts that she is entitled to relief under Civ.R. 60(B)(3) and (5). Mickel argues that the agreed entry ended litigation by resolving all pending issues and motions and, therefore, the June 2025 trial should never have taken place. Mickel also argues that the domestic relations court must act equitably and "there is nothing equitable about binding a party to an agreement they never made." Mickel asserts that "there is no evidence of record" that she did not make the monthly payments contemplated in the agreed entry as an alternative to the QDRO. She further claims that "mysterious circumstances surround[ed] the submission of [the QDRO] with a signature of unknown origin." Finally, Mickel argues that her counsel's untimely withdrawal entitles her to relief.

{¶ 12} As an initial matter, we note that many of Mickel's arguments were not introduced at the trial-court level and, therefore, were not preserved for appellate review. A party cannot raise new claims or arguments for the first time on appeal and a failure to present an issue before the trial court results in a waiver of that issue for appellate purposes. *Garrett v. Cuyahoga Cty.*, 2022-Ohio-2770, ¶ 27 (8th Dist.), citing *Lycan v. Cleveland*, 2019-Ohio-3510, ¶ 32-33 (8th Dist.) ("It is well-established that arguments raised for the first time on appeal are generally barred and a reviewing court will not consider issues that the appellant failed to raise in the trial court.") and *Cleveland Town Ctr., L.L.C. v. Fin. Exchange Co. of Ohio, Inc.,* 2017-Ohio-384, ¶ 21 (8th Dist.). Therefore, we only consider the Civ.R. 60(B) arguments raised on appeal related to Mickel's purportedly forged signature and her nonappearance at the June 2025 trial.

{¶ 13} Next, we turn to our standard or review. "The trial court has discretion both in deciding a motion for relief from judgment under Civ.R. 60(B) and in determining whether to hold an evidentiary hearing on the motion." *Rodeno v. Mezenski*, 2022-Ohio-1176, ¶ 17 (8th Dist.), citing *Kostoglou v. Fortuna*, 2019-Ohio-5116, ¶ 21 (8th Dist.). Therefore, a trial court's ruling on a Civ.R. 60(B) motion is reviewed for an abuse of discretion on appeal. *Internatl. Total Servs. v. Estate of Nichols*, 2019-Ohio-4572, ¶ 6 (8th Dist.). "The term 'abuse of discretion' implies that the court's attitude was unreasonable, arbitrary, or unconscionable." *Id.*, citing *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983).

**{¶ 14}** Civ.R. 60(B) establishes the procedure for seeking relief from a judgment or order and the parameters for granting such relief. The rule provides:

> On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order or proceeding for the following reasons:
>
> (1) mistake, inadvertence, surprise or excusable neglect;
>
> (2) newly discovered evidence, which by due diligence could not have been discovered in time to move for a new trial under Rule 59(B);
>
> (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation or other misconduct of an adverse party;
>
> (4) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or
>
> (5) any other reason justifying relief from the judgment.

Civ.R. 60(B).

**{¶ 15}** "To prevail on a motion for relief from judgment, the movant must demonstrate that (1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1)-(5); and (3) the motion is made within a reasonable time." *Bank of N.Y. v. Elliot*, 2012-Ohio-5285, ¶ 24 (8th Dist.), citing *GTE Automatic Elec. v. ARC Industries*, 47 Ohio St.2d 146 (1976), paragraph two of the syllabus. The movant must satisfy all three requirements to obtain relief. *Id.*, citing *State ex rel. Richard v. Seidner*, 76 Ohio St.3d 149, 151 (1996).

**{¶ 16}** A party seeking relief from judgment is not automatically entitled to an evidentiary hearing and bears the burden of proving entitlement to a hearing on

the Civ.R. 60(B) motion. *Rodeno* at ¶ 36, citing *PNC Bank, N.A. v. DePalma*, 2012-Ohio-2774, ¶ 12 (8th Dist.), and *Esplandiu v. Esplandiu*, 2017-Ohio-5744, ¶ 13 (8th Dist.). If a motion for relief from judgment contains allegations of operative facts warranting relief under Civ.R. 60(B), the trial court should grant a hearing to take evidence and verify those facts before ruling on the motion. *Id.* If the movant fails to demonstrate any of the three Civ.R. 60(B) elements — a meritorious defense or claim, entitlement to relief under Civ.R. 60(B)(1)-(5), and timeliness — the trial court need not hold an evidentiary hearing. *Id.* at ¶ 37, citing *Esplandiu* at ¶ 13, citing *Adomeit v. Baltimore*, 39 Ohio App.2d 97, 103-105 (8th Dist. 1974) ("If the material submitted by the movant in support of its motion contains no operative facts or meager and limited facts and conclusions of law, it will not be an abuse of discretion for the trial court to refuse to grant a hearing and overrule the motion.").

{¶ 17} Based on the record before us, we find that the trial court did not abuse its discretion by denying Mickel's Civ.R. 60(B) motion for relief from judgment without holding a hearing. The parties agreed to the terms outlined in the agreed entry to resolve Mickel's contempt. Those terms specifically provided that Mickel must transfer a sum of money to Marrs from her 401(K) account through an additional QDRO. That QDRO was to be executed within seven days of the agreed entry. Alternatively, Mickel could opt to pay the sum in monthly installments commencing in December 2024 and ending upon payment in full. The agreed entry was executed by both parties and their attorneys. The record is silent as to whether

Mickel executed the additional QDRO within seven days of the agreed entry or made the alternative monthly payments.

{¶ 18} A judgment entry to which the parties voluntarily consent — like the agreed entry — is based upon the agreements reached by the parties and is considered a contract between those parties as well as an order of the court. *State v. Powell*, 2024-Ohio-4923, ¶ 41 (2d Dist.), citing *State ex rel. DeWine v. Washington Court House*, 2014-Ohio-3557, ¶ 15 (12th Dist.), and *State ex rel. DeWine v. Miller*, 2011-Ohio-2107, ¶ 17 (4th Dist.); *Negron v. Santini*, 2020-Ohio-5458, ¶ 18 (12th Dist.). Parties are bound to comply with orders they agreed to, and such orders are enforceable by courts. *Powell* at *id.*, citing *Infinite Sec. Solutions, L.L.C. v. Karam Props. II*, 2015-Ohio-1101, ¶ 27; *Negron* at *id.*

{¶ 19} Therefore, Mickel has only one meritorious defense, claim, or reason for relief from the QDRO based on the terms she voluntarily consented to in the agreed entry: monthly payments were, in fact, made under the agreed entry's alternative condition or the judgment was otherwise satisfied. Mickel did not appear at the June 2025 hearing to present evidence of payment or assert in her motion for relief from judgment that she made monthly payments pursuant to terms of the agreed entry to invalidate the QDRO. Nor did Mickel file a notice of submission of the executed QDRO, a satisfaction of judgment, or claim that she was entitled to relief under Civ.R. 60(B)(4).

{¶ 20} While Mickel alleges that her signature was forged on the QDRO and Marrs counters that the word "Submitted" appears on her signature line, we need

not resolve this dispute. Regardless of whether Mickel's name or "Submitted" is written on the QDRO — either of which could be true based on the handwriting's illegibility — Mickel's signature was not necessary; Mickel previously consented to execution of the QDRO and does not claim its contents are contrary to the agreed entry. *See, e.g., Gibbs v. Stanley,* 2004-Ohio-71, ¶ 21 (2d Dist.) (affirming the trial court's adoption of an amended QDRO where an agreed order was signed by the attorneys for both parties but the amended QDRO was signed by one party's attorney and notated "Seen but not approved" on the signature line for the other party's attorney); *Eichholz v. Eichholz*, 2009-Ohio-1421 (9th Dist.) (affirming the trial court's adoption of a QDRO applying to a husband's retirement account that was drafted and submitted by his wife); Cuyahoga C.P., Domestic Relations Loc.R. 28(F) (providing that the trial court may assign the responsibility of preparing a QDRO to either party at its discretion and counsel for the alternate payee may prepare a QDRO if the participant is in default).

{¶ 21} Consequently, Mickel has not established that she is entitled to Civ.R. 60(B) relief or an evidentiary hearing on her motion; the trial court merely adopted the QDRO based on the express terms of the agreed entry. Mickel's appeal — in effect — bootstraps challenges to the agreed entry, where conditions resolving her contempt were established, and the QDRO, one of the conditions established in the agreed entry, after she failed to timely contest or appeal either. "It is well established that a Civ.R. 60(B) motion cannot be used as a substitute for an appeal and that the doctrine of res judicata applies to such a motion." *Bank of Am., N.A. v. Kuchta,*

2014-Ohio-4275, ¶ 16, citing *Harris v. Anderson*, 2006-Ohio-1934, ¶ 8-9. Moreover, "'[i]t is axiomatic that a party may not appeal a judgment to which it has agreed to.'" *Gibbs* at ¶ 21 (2d Dist.), quoting *Wells v. Spirit Fabricating Ltd.*, 1995 Ohio App. LEXIS 3905 (8th Dist. Sept. 7, 1995).

{¶ 22} Since Mickel's motion did not contain allegations of operative facts demonstrating a meritorious defense or claim and entitlement to relief under Civ.R. 60(B)(1)-(5), the trial court was not required to hold an evidentiary hearing. Accordingly, we find that the trial court's denial of Mickel's motion for relief from judgment without holding an evidentiary hearing was not unreasonable, arbitrary, or unconscionable. Having concluded that the trial court did not abuse its discretion by denying her Civ.R. 60(B) motion, Mickel's single assignment of error is overruled.

{¶ 23} Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court, domestic relations division, to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
EMANUELLA D. GROVES, JUDGE

EILEEN T. GALLAGHER, P.J., and
DEENA R. CALABRESE,  J., CONCUR