DECISION AND JOURNAL ENTRY
{¶ 1} Appellant, William Paluch, appeals from an order of the Summit County Court of Common Pleas, Domestic Relations Division. We affirm.
 I. {¶ 2} The pertinent facts of this case are undisputed. Mr. Paluch and Ms. Baker (f.k.a. Mrs. Paluch) had been married, but were divorced on December 22, 1994. The court ordered an equal division of marital property, which included individual retirement savings plans administered by the parties' respective employers: Mr. Paluch's 401k plan with McKesson Corporation and Ms. Baker's Thrift Savings Plan (TSP) with the United States Postal Service (USPS). While each party also had an independent pension plan, these pensions were not deemed to be marital property and were not to be divided: Mr. Paluch's McKesson Corporation pension and Ms. Baker's USPS Federal Employees Retirement System (FERS) pension. The dispute that underlies this appeal began as a simple labeling mistake.
 {¶ 3} Intending to divide Ms. Baker's TSP, the court issued a Qualified Domestic Relations Order (QDRO), assigning one-half the value of the plan to Mr. Paluch. However, in journalizing the QDRO, the court erroneously identified the TSP as her FERS pension. Due to this misidentification, the TSP administrator rejected Mr. Paluch's claim. The court responded immediately, intending to remedy the mislabeling and effectuate the divorce decree. An amended QDRO was filed, which was identical to the prior QDRO, but for the identification of the TSP instead of the FERS pension in the text of the order. Thereafter, Ms. Bakers' TSP was equally divided and one-half distributed to Mr. Paluch.
 {¶ 4} Almost one year later, Ms. Baker unexpectedly received notice from her USPS-FERS administrator that her FERS pension had been equally divided and one-half distributed to Mr. Paluch. Apparently, Mr. Paluch had filed the original erroneous QDRO with FERS, and USPS had unknowingly but mistakenly acted upon it. Ms. Baker sought to remedy this mistake by contacting USPS directly, but was unsuccessful. Eventually, Ms. Baker sought a court order to clarify this mistake and recover her money. A magistrate reviewed the divorce decree, recognized the error, and issued an order correcting the situation. The court adopted the magistrate's decision. In the meantime, USPS had continued to pay Mr. Paluch from Ms. Baker's FERS until it received the court order instructing it to cease doing so.
 {¶ 5} Subsequently, the court adopted the magistrate's further decision, finding that Mr. Paluch had erroneously received $14,367.88 from Ms. Baker's FERS and ordering repayment of this sum, with interest. Mr. Paluch timely appealed from this order, asserting four assignments of error. We have consolidated these assignments of error and address them together to facilitate review.
 II. First Assignment of Error
"The trial court erred by not dismissing the motion for lack of jurisdiction in that plaintiff-appellee had failed to exhaust administrative remedies timely, thus waiving any rights to challenge any party relative to the existing QDRO's prior to the time of the hearing, March 5, 2003."
 Second Assignment of Error
"The trial court erred by affirming the individual matz' decision which was based upon speculation of defendant-appellant's state of mind, intent, and knowledge relative to the individual matz' self serving interpretation of the existing QDRO's."
 Third Assignment of Error
"The trial court erred by not ruling that plaintiff-appellee had failed to state a claim, had failed to join the proper parties, and as a result the trial court lacked subject matter jurisdiction."
 Fourth Assignment of Error
"The trial court erred by failing to recognize that an individual named deborah matz had no legal standing to render a judicial determination in the trial court as Deborah Matz had failed to have an oath of office on file with the summit county clerk of courts."
 {¶ 6} In these four assignments of error, Mr. Paluch seeks to challenge the trial court's jurisdiction to render a judgment against him in this matter. Otherwise stated, Mr. Palluch alleges that the trial court lacks the authority to compel him to return the money. We disagree.
 {¶ 7} Under R.C. 3105.171, the trial court has jurisdiction over the allocation and distribution of marital property. R.C.3105.171(B). A retirement savings plan accumulated during the pendency of marriage is deemed marital property. R.C.3105.171(A)(3)(a); McKinney v. McKinney (2001),142 Ohio App.3d 604,608. Thus, the court had jurisdiction over the allocation of the retirement plans. Because R.C. 3105.171(I) proscribes a subsequent modification of the asset distribution, a QDRO is the appropriate means for effectuating this aspect of a divorce decree. McKinney, 142 Ohio App.3d at 608.
"A QDRO is a current distribution of the rights in a retirement account which is payable in the future, when the payee retires. It is ordinarily issued subsequent to and separate from the decree of divorce itself, after the employer payor has approved its terms as conforming with the particular pension plan involved. A QDRO is, therefore, merely an order in aid of execution on the property division ordered in the divorce decree. So long as the QDRO is consistent with the decree, it does not constitute a modification which R.C. 3109.171(I) prohibits, and the court does not lack jurisdiction to issue it." Id.
 {¶ 8} Furthermore, a court may retain continuing jurisdiction by expressly reserving that right, and thereby enforce the divorce decree. Gordon v. Gordon (2001), 144 Ohio App.3d 21,24, citing Wolfe v. Wolfe (1976), 46 Ohio St. 2d 399. In the present case, the trial court did expressly retain jurisdiction. Therefore, we conclude that the trial court did hold appropriate jurisdiction to render a judgment against Mr. Paluch in the form of the QDRO, and despite his protests, held sufficient authority to vacate the erroneous QDRO, enforce the corrected QDRO, and order Mr. Paluch to return the money.
 {¶ 9} Mr. Paluch neither challenges the aforementioned law, nor argues that he was rightfully awarded the money. Rather, Mr. Paluch proceeds from a fundamental misunderstanding: that, because he did nothing wrong, he is entitled to benefit from the trial court's mistake in drafting the original QDRO. Throughout his brief to this Court, Mr. Paluch insists that he did nothing illegal or unethical, that he should not be held liable for the mistakes of others, and that others are individually or collectively responsible. To buttress this argument, Mr. Paluch casts blame on Ms. Baker, her attorney, USPS and the trial court; he engages in speculation that the trial court is in collusion with Ms. Baker's attorney; and he accuses Ms. Baker and her attorney of fraud and the trial court and its officers of incompetence. This inflammatory rhetoric adds nothing to the analysis of this case. Moreover, Mr. Paluch's specific assignments of error are not applicable to Ms. Baker's claim or the trial court's corresponding order.
 {¶ 10} Mr. Paluch contends that Ms. Baker failed to exhaust administrative remedies; however, this was not an administrative decision. Mr. Paluch contends that the trial court abused its discretion in affirming the magistrate's decision; however, he asserts nothing more than baseless accusations in support of this contention. Mr. Paluch alleged a host of infractions under the Rules of Civil Procedure; however, other than insisting that he was not at fault, he failed to support any of these allegations. See Angle v. Western Reserve Mut. Ins. Co. (Sept. 16, 1998), 9th Dist. No. 2729-M (appellants bear the burden of affirmatively demonstrating error on appeal). Mr. Paluch contends that the magistrate is a nonentity for lack of a sworn oath of office on file; however, as a subordinate officer of the court, there is no requirement that the magistrate's oath be on file. See R.C.1907.14; Knauer v. Keener (2001), 143 Ohio App.3d 789, 793.
 {¶ 11} Contrary to Mr. Paluch's contentions, the critical facts are that the trial court mistakenly designated the wrong savings plan on the original QDRO, which the USPS relied upon in erroneously distributing $14,367.88 of Ms. Baker's FERS pension to Mr. Paluch. Upon recognizing the mistake, the trial court invoked its retained jurisdiction to remedy the error and return the parties to their proper position. See Gordon,144 Ohio App.3d at 24; McKinney, 142 Ohio App.3d at 608. None of Mr. Paluch's assignments of error are pertinent to this particular analysis, nor are they supported under Mr. Paluch's argument. Therefore, we conclude that the trial court did in fact have the necessary jurisdiction to compel Mr. Paluch to return the money wrongfully distributed to him under its erroneous QDRO. Mr. Paluch's assignments of error are overruled.
 III. {¶ 12} Mr. Paluch's four assignments of error are overruled. The order of the Summit County Court of Common Pleas, Domestic Relations Division, is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellant.
Exceptions.
Carr, P.J., Boyle, J., concur.