DECISION AND JOURNAL ENTRY
{¶ 1} Defendant-Appellant, Mark Eichholz ("Husband"), appeals from the judgment of the Lorain County Court of Common Pleas, Domestic Relations Division. This Court affirms.
 I {¶ 2} Husband and Plaintiff-Appellee, Michele Eichholz ("Wife"), were married on September 27, 1995 and had one child together before adopting four more children. On November 9, 2004, Wife filed a complaint for divorce. The trial court cancelled the scheduled trial on May 12, 2006 and entered an order indicating the following:
 "Trial commenced [and] recessed. Parties report agreement to resolve all undisputed issues as set forth in Exhibit A hereto. Trial cancelled. Parties shall submit proposed Judgment Entry incorporating terms of agreement not later than fourteen (14) days hereafter."
Both parties signed the foregoing order alongside the trial judge's signature. The parties also attached, as "Exhibit A," a handwritten separation agreement comprised of a list of stipulations as to real property, personal property, debts, spousal support, allocation of parental rights and *Page 2 
responsibilities, guardian ad litem compensation, and attorney fees and court costs. Husband and Wife initialed each of the stipulations agreed upon in Exhibit A.
 {¶ 3} On June 2, 2006, the trial court granted the parties a divorce. The court incorporated a typewritten separation agreement into the divorce decree. The separation agreement spanned twelve pages, each of which contained the initials of both Husband and Wife. The signature page of the separation agreement indicated that Husband signed the agreement on May 29, 2006 and Wife signed on May 31, 2006. The separation agreement provided that both parties would cooperate in the preparation of a qualified domestic relations order ("QDRO"), but that Wife would be responsible for its actual drafting and submission. On November 17, 2006, the trial court approved a QDRO signed and submitted by Wife. The QDRO applied to Husband's Invacare Retirement Savings Plan. On January 19, 2007, a different trial court judge issued a second QDRO, which slightly modified the first QDRO.
 {¶ 4} On March 29, 2007 and again on January 15, 2008, [1] Husband filed a motion to modify and/or vacate the QDRO pursuant to Civ. R. 60(B). Husband argued that the QDRO failed to protect his premarital contributions to his retirement plan and to limit Wife's share to the portion of the plan acquired during the marriage. On June 5, 2008, a magistrate issued the following order: "[Husband] tendered proposed QDRO to Court this date. [Wife] granted 10 days to file her proposed QDRO. Court to rule thereafter." *Page 3 
 {¶ 5} On June 26, 2008, the trial judge issued an order adopting Wife's QDRO. Husband now appeals from the trial court's order and raises a single assignment of error for our review.
 II Assignment of Error "MR. EICHHOLZ'S CONVICTION IS THAT QDRO WAS NOT WRITTEN AS AGREED UPON AND SUBMITTED INTO RECORD ON THE DAY OF DIVORCE. MR. EICHHOLZ'S ATTORNEY HAD PUT IN MOTION OF MODIFICATION PURSUANT TO CIVIL RULE 60. AGAIN ANOTHER OF THE MR. EICHHOLZ'S ATTORNEY FILED A SETTLEMENT CONFERENCE STATEMENT, STATING (HOYT V. HOYT). THERE WAS NEVER A JUDGES DECISION ON EITHER REQUEST. AND LASTELY THE LISTING APPELLANT'S PROPOSAL AS EXIBIT `A' AND GIVING MICHELE EICHHOLZ'S ATTORNEY 10 DAYS. MICHELE'S ATTORNEY PROPOSAL WAS NOT SUBMITTED UNTIL 21 DAYS AFTER, AND IT WAS ALSO MISLEADING, BECAUSE IT WAS ALSO REFERRED TO AS EXHIBIT `A.'" (Sic.)
 {¶ 6} In his sole assignment of error, Husband appears to argue that the trial court erred in adopting Wife's QDRO on June 26, 2008. Specifically, he appears to argue that: (1) he never had an opportunity to present "his side of the evidence" because the court adopted Wife's QDRO without addressing Husband's modification requests; and (2) Wife should not have been given ten additional days to submit a proposed QDRO because she never requested that extra time.
 {¶ 7} Initially, we note that both parties are appearing pro se on appeal and that only Husband filed an appellate brief. Because Wife failed to file a brief, "this Court may accept [Husband's] statement of the facts and issues as presented in [Husband's] brief as correct and reverse the judgment of the trial court if [Husband's] brief reasonably appears to sustain such action." Polen Implement, Inc. v. Toth, 9th Dist. No. 07CA009280, 2008-Ohio-3211, at ¶ 8. Husband's brief, however, is extremely short and difficult to comprehend. This Court has recognized that: *Page 4 
 "[P]ro se litigants should be granted reasonable leeway such that their motions and pleadings should be liberally construed so as to decide the issues on the merits, as opposed to technicalities. However, a pro se litigant is presumed to have knowledge of the law and correct legal procedures so that he remains subject to the same rules and procedures to which represented litigants are bound. He is not given greater rights than represented parties, and must bear the consequences of his mistakes. This Court, therefore, must hold [pro se appellants] to the same standard as any represented party." (Internal citations omitted.) Williams v. First Merit Bank, N.A., 9th Dist. No. 24011, 2008-Ohio-5038, at ¶ 8, quoting Sherlock v. Myers, 9th Dist. No. 22071, 2004-Ohio-5178, at ¶ 3.
This Court "will not guess at undeveloped claims on appeal." State v.Wharton, 9th Dist. No. 23300, 2007-Ohio-1817, at ¶ 42.
 {¶ 8} The record reflects that Husband filed his motion to modify and/or vacate the QDRO in the court below pursuant to Civ. R. 60(B). Husband did not specify the subsection of Civ. R. 60(B) upon which he was relying. He simply argued that "pursuant to Civil Rule 60, *** an error has been made and that [Wife] *** should only be entitled to the portion of the 401k Plan that was acquired during the marriage." In his "Settlement Conference Statement," however, Husband elaborated that he requested a modification of the QDRO because he had discovered that the parties' divorce decree had been "drafted incorrectly." According to Husband, the decree had been "drafted incorrectly" because it did not employ the mathematical formula that the parties had agreed upon for the purpose of dividing Husband's Invacare Retirement Savings Plan.
 {¶ 9} On appeal, Husband appears to change tactics and to argue that the trial court erred in accepting Wife's QDRO because it did so without allowing Husband to "give[] his side of the evidence or an opportunity for his representatives to argue [his] case." He also argues that Wife had "an unfair opportunity *** to have an extended period of time without a request." It would appear that the "extended period of time" that Husband refers to is the ten day period that *Page 5 
Wife was given to prepare and submit her own proposed QDRO once Husband tendered his proposed QDRO on June 5, 2008.
 {¶ 10} Husband and Wife's separation agreement indicates that the Domestic Relations Court "shall retain jurisdiction of the issue of division of the parties' interest in Husband's Invacare Retirement Savings Plan in order to effectuate the agreement of the parties." This Court has held that a trial court may retain continuing jurisdiction to vacate an erroneous QDRO and enforce a corrected QDRO that properly effectuates a divorce decree if the trial court expressly reserves that right. Baker v. Paluch, 9th Dist. No. 22078, 2004-Ohio-6744, at ¶ 7-8. A trial court may not, however, employ a QDRO to modify a property division set forth in a divorce decree. See Miller v. Miller, 9th Dist. No. 07CA0068-M, 2008-Ohio-2106, at ¶ 8. This is because a QDRO "merely implements the divorce decree[,]" it "does not in any way constitute a further adjudication on the merits [.]" Id., quoting Wilson v.Wilson, 116 Ohio St.3d 268, 2007-Ohio-6056, at ¶ 15-16. To challenge an alleged error contained in the parties' divorce decree, Husband would have had to file a timely appeal from the decree. Miller at ¶ 15 (applying Ohio Supreme Court's mandate, that a divorce decree is a final, appealable order before the issuance of a QDRO, retroactively to conclude that husband's failure to timely appeal from his divorce decree was a jurisdictional bar to his appeal). See, also, Watkins v.Williams, 9th Dist. No. 23186, 2007-Ohio-513, at ¶ 12 (noting that a Civ. R. 60(B) motion cannot be employed as a substitute for a timely appeal). Husband never appealed from the divorce decree that the trial court entered on June 2, 2006. To the extent Husband argues that the trial court erred in failing to modify the mathematical formula contained in the decree, this Court lacks jurisdiction to consider his argument. Miller at ¶ 15-16. *Page 6 
 {¶ 11} To the extent that Husband argues that the trial court did not allow him to present "his side of the evidence" and that Wife should not have been given a period of time to respond to Husband's proposed QDRO, Husband fails to cite any authority in support of his argument. The record reflects that the trial court gave each party an opportunity to submit a proposed QDRO before concluding that Wife's QDRO was "consistent with the terms contained in the Divorce Decree." Husband offers no law in support of the proposition that the court did not allow Husband to "give[] his side of the evidence" by basing its decision upon the written materials before it. Nor does he cite any law for his argument that Wife was not entitled to notice that Husband had tendered a proposed QDRO and an opportunity to respond to the same. An appellant bears the burden on appeal of demonstrating error through citations to legal authority and to the record. See App. R. 16(A)(7). Husband has not met this burden on appeal. Consequently, Husband's sole assignment of error is overruled.
 III {¶ 12} Husband's sole assignment of error is overruled. The judgment of the Lorain County Court of Common Pleas, Domestic Relations Division, is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App. R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the *Page 7 
period for review shall begin to run. App. R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App. R. 30. Costs taxed to Appellant.
DICKINSON, P. J. CONCURS
[1] In between the filing of Husband's two motions, the trial court sua sponte issued an order dismissing the matter without prejudice. While the dismissal appears to relate only to issues that the parties were having with their shared parenting plan and attempts to modify the same, it appears that Husband re-filed his motion to modify and/or vacate the QDRO in the event that the trial court's dismissal also affected his outstanding QDRO motion.