[Cite as *Settonni v. Settonni*, 2012-Ohio-3084.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

### JOURNAL ENTRY AND OPINION
### No. 97784

# MICHAEL F. SETTONNI

PLAINTIFF-APPELLANT

vs.

# NANCY MARIE SETTONNI

DEFENDANT-APPELLEE

## JUDGMENT:
AFFIRMED

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Domestic Relations Division
Case No. D-331292

**BEFORE:** Sweeney, P.J., Rocco, J., and E. Gallagher, J.

**RELEASED AND JOURNALIZED:** July 5, 2012

**ATTORNEYS FOR APPELLANT**

Leedaun C. Williams
John D. Zoller
Zoller Biascsi Co., L.P.A.
490 The Caxton Building
812 Huron Road
Cleveland, Ohio   44115


**FOR APPELLEE**

Nancy M. Settonni, pro se
14905 Hummel Road, #81
Brook Park, Ohio   44142

JAMES J. SWEENEY, P.J.:

{¶1} This cause came to be heard on the accelerated calendar pursuant to App.R. 11.1 and Loc.R. 11.1, the trial court records, and briefs of counsel.

{¶2} Plaintiff-appellant Michael F. Settonni appeals the judgment of the Cuyahoga County Court of Common Pleas, Domestic Relations Division, denying his motion for relief from judgment. After careful review of the record and relevant case law, we affirm the judgment of the trial court.

{¶3} Appellant and defendant-appellee Marie Settonni were married on October 14, 2005. The parties had no children together. On April 22, 2010, appellant filed a complaint for divorce against appellee. Appellant and appellee represented themselves pro se throughout the divorce proceedings. After a series of pretrial hearings, trial was scheduled to take place on December 13, 2010 and December 14, 2010.

{¶4} On the morning of trial, appellee presented appellant with a proposed Separation Agreement. On the second day of trial, the parties reached an agreement, which included various alterations to the originally proposed Separation Agreement. Pertinent to this appeal, the terms of the Separation Agreement were as follows:

SPOUSAL SUPPORT

Husband shall pay to Wife the sum of $500 per month as and for spousal support for a period of two (2) years commencing June 30, 2011. The Court retains jurisdiction to modify spousal support.
DEBTS

The Husband shall assume payment of * * * any tax liability accrued during the marriage. He hereby indemnifies and holds the Wife harmless from any and all expenses and liabilities arising from said debts.

{¶5} On December 14, 2010, the trial court issued a judgment of divorce, which incorporated the Separation Agreement. However, with respect to spousal support, the judgment entry altered the duration of support as agreed to in the Separation Agreement, stating: "It is further ordered, adjudged and decreed that Plaintiff pay Defendant as and for spousal support the sum of $500 per month for *48 months* commencing June 30, 2011." (Emphasis added). The handwritten amendment to the spousal support provision in the judgment entry was acknowledged and initialed by both parties.

{¶6} On July 7, 2011, appellant filed a motion for relief from judgment. In his motion, appellant alleged that he agreed to the terms of the Separation Agreement under severe duress and was mentally incapable of comprehending the ramifications of the inequitable agreement. Further, appellant alleged that the trial court's modification of the duration of spousal support in its judgment entry was a mistake, as evidenced by the duration provision found in the incorporated Separation Agreement. On December 2, 2011, the trial court denied appellant's motion for relief from judgment without holding an evidentiary hearing.

{¶7} Appellant now brings this timely appeal, raising two assignments of error for review:

I. The decision of the trial court to overrule appellant's motion for relief from judgment was an abuse of discretion.

II.  The trial court's denial of an evidentiary hearing on appellant's motion for relief from judgment was an abuse of discretion and a denial of appellant's due process rights.

Law and Analysis

I.  Denial of Motion for Relief From Judgment

{¶8}  In his first assignment of error, appellant argues that the trial court abused its discretion by denying his motion for relief from judgment.

{¶9} We note that the trial court is vested with discretion in determining whether to grant a motion for relief from judgment under Civ.R. 60(B), and that court's ruling will not be disturbed on appeal absent a showing of abuse of discretion.  *Rose Chevrolet, Inc. v. Adams*, 36 Ohio St.3d 17, 20, 520 N.E.2d 564 (1988).   An abuse of discretion implies that the court's attitude is unreasonable, arbitrary, or unconscionable.  *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983).

{¶10} Civ.R. 60(B) provides:

On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(B); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation or other misconduct of an adverse party; (4) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (5) any other reason justifying relief from the judgment.

{¶11} To prevail on a motion brought under Civ.R. 60(B), the movant must demonstrate that

(1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time, and, where the grounds of relief are Civ.R. 60(B)(1), (2) or (3), not more than one year after the judgment, order or proceeding was entered or taken.

*GTE Automatic Elec., Inc. v. ARC Indus., Inc.*, 47 Ohio St.2d 146, 351 N.E.2d 113 (1976), paragraph two of the syllabus.

**{¶12}** A failure to establish any one of the foregoing circumstances is ordinarily fatal to a Civ.R. 60(B) motion. *See Rose Chevrolet, Inc.*, 36 Ohio St.3d at 20, 520 N.E.2d 564 (stating that the trial court should overrule a Civ.R. 60(B) motion if the movant fails to meet any one of the foregoing three requirements); *GTE*, 47 Ohio St.2d at 151, 351 N.E.2d 113 (stating that the three requirements are "conjunctive").

**{¶13}** There is no dispute that appellant's motion for relief from judgment was timely. Turning to the second prong of the *GTE* test, our analysis focuses on whether appellant has demonstrated that relief is available under one of the grounds stated in Civ.R. 60(B). Here, appellant contends that he is entitled to relief from the December 14, 2010 judgment of divorce pursuant to Civ.R. 60(B)(1),(2), (3), (4), and (5).

Civ.R. 60(B)(1)

**{¶14}** As set forth above, under Civ.R. 60(B)(1), the trial court may "relieve a party or his legal representative from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect." Appellant contends that he is entitled to relief from judgment based on a mistake pertaining to the duration of spousal support as stated in the December 14, 2010 judgment of divorce. In

support of said claim, appellant cites the fact that the provision concerning spousal support in the judgment of divorce conflicts with the spousal support portion of the parties' Separation Agreement.

{¶15} On review of the record in its entirety, we are unable to conclude that the trial court's inclusion of a 48-month term of spousal support in its judgment of divorce was a mistake. Although there is a difference in terms, the difference cannot be classified as a "mistake." The record reflects that the parties engaged in negotiations during the December 13, 2010 hearing, and there is nothing to refute the trial court's finding that the difference between the spousal support duration in the Separation Agreement and the judgment of divorce was based on the parties' decision to alter those terms during the December 14, 2010 hearing.

{¶16} The terms of the judgment of divorce were explained to the parties in great detail, and alteration of the duration of spousal support was done with the consent and acknowledgment of the parties, as evidenced by their initials on the revision.

{¶17} Appellant further claims that he was "surprised" by the presentation of the proposed Separation Agreement on the day of trial. However, under the circumstances of this case, we cannot say that appellee's presentation of the proposed Separation Agreement at trial equated to a "surprise" as contemplated by Civ.R. 60(B)(4). The record reflects that appellant was presented with the proposed Separation Agreement no later than the first day of trial. Negotiations occurred throughout December 13, 2010,

and the final agreement was not entered into until sometime during the second day of trial, December 14, 2010.

{¶18} Appellant was provided with ample time to review the terms of the agreement and, if necessary, seek legal counsel. Therefore, appellant has failed to demonstrate that he was entitled to relief pursuant to Civ.R. 60(B)(1).

## Civ.R. 60(B)(2)

{¶19} Civ.R. (B)(2) grants authority to vacate a judgment based on "newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Civ.R. 59(B)."

{¶20} As stated in the Separation Agreement, appellant indemnified appellee of all debts arising from the parties' jointly-filed tax returns. During the parties' marriage, they incurred a federal tax liability of approximately $172,000, for which they were jointly and severally liable. Appellant contends that the judgment of divorce should be vacated because at the time of trial, he was unaware that appellee had been found by the Internal Revenue Service ("IRS") to be responsible for $44,556.21 of the total $172,000 tax liability.

{¶21} To warrant the granting of a new trial on the grounds of newly discovered evidence,

> "it must be shown that the new evidence (1) discloses a strong probability that it will change the result if a new trial is granted, (2) has been discovered since the trial, (3) is such as could not in the exercise of due diligence have been discovered before the trial, (4) is material to the issues, (5) is not merely cumulative to former evidence, and (6) does not merely impeach or contradict the former evidence."

*State v. Barnes*, 8th Dist. No. 95557, 2011-Ohio-2917, ¶ 23, quoting *State v. Petro*, 148 Ohio St. 505, 76 N.E.2d 370 (1947), syllabus.

**{¶22}** On review of the record, we find that appellant has failed to establish that the decision of the IRS was "newly discovered" or that it could not have been earlier discovered with due diligence during the pendency of the proceedings. The undisputed facts in the record indicate that appellee filed a petition for innocent spouse relief with the IRS prior to the parties' divorce. Subsequently, the IRS issued its notice of intent to deny appellee's innocent spouse claim on March 12, 2010. Thus, the IRS's decision occurred approximately one month prior to appellant's filing of the complaint for divorce and approximately eight months before the judgment of divorce.

**{¶23}** This does not constitute evidence that is "newly discovered" as anticipated by the rule. "Relief from judgment may be granted based on newly discovered evidence, but similar to Civ.R. 59, evidence that could have been discovered prior to trial by the exercise of due diligence does not qualify as newly discovered evidence." *Riesbeck v. Indus. Paint and Strip*, 7th Dist. No. 08 MO 11, 2009-Ohio-6250, ¶ 18.

**{¶24}** Through the exercise of due diligence, appellant would have discovered this information prior to the December 14, 2010 judgment of divorce. Appropriately, appellant was not entitled to relief pursuant to Civ.R. 60(B)(2).

Civ.R. 60(B)(3)

**{¶25}** Civ.R. 60(B)(3) provides for relief from a judgment if there is "a fraud, misrepresentation or other misconduct of an adverse party." Generally, the party seeking

relief bears the burden of proving such fraud, misrepresentation, or misconduct by clear and convincing evidence. *Noble v. Noble*, 10th Dist. No. 07AP-1045, 2008-Ohio-4685, at ¶ 19.

**{¶26}** Appellant contends that appellee's conduct throughout the divorce proceedings constituted "gross misconduct in the form of duress." In his affidavit attached to his motion for relief from judgment, appellant maintained that he suffered from bipolar disorder and depression throughout the divorce proceedings. Further, appellant stated in his affidavit that appellee knowingly made threats of physical and emotional harm to exploit appellant's mental illness and compel him to acquiesce to the unfair and unconscionable terms of the Separation Agreement.

**{¶27}** After a thorough review of the record, we conclude that appellant did not present to the trial court, either in his motion or in his self-serving affidavit, sufficient operative facts to warrant relief under Civ.R. 60(B)(3). Appellant's assertion in support of his allegations, that appellee induced him to sign the Separation Agreement while he was under duress and the influence of medication, even if corroborated and true, does not constitute sufficient operative facts to warrant relief under Civ.R. 60(B). Such an assertion rises only to the level of a mere general allegation that these events occurred. *See Hagaman v. Hagaman*, 9th Dist. No. 16861, 1995 Ohio App. LEXIS 1286, *6 (Mar. 29, 1995) (stating that "[w]hile a party is certainly permitted to allege fraud, misconduct, or other grounds justifying relief under Civ.R. 60(B), [appellant's] blanket assertion that

such conduct occurred rose only to the level of a 'mere general allegation' that such conduct did occur").

**{¶28}** Without more, we are unable to find the requisite fraud, misrepresentation, or misconduct by an adverse party to reverse the judgment of the trial court pursuant to Civ.R. 60(B)(3).

Civ.R. 60(B)(4)

**{¶29}** Civ.R. 60(B)(4) grants authority to grant relief from judgment "when it is no longer equitable that the judgment should have prospective application."

**{¶30}** Appellant does not claim that anything has happened since the judgment of divorce to render that judgment inequitable. Instead, appellant contends that the judgment of divorce was never equitable and thus, pursuant to Civ.R. 60(B)(4), should be vacated. Relief from judgment pursuant to Civ.R. 60(B)(4) is not appropriate is such scenarios. *Melkerson v. Melkerson*, 11th Dist. No. 2009-G-2887, 2009-Ohio-6381, ¶ 50. Rather, "relief under Civ.R. 60(B)(4) is only afforded to those individuals who are subjected to circumstances which could not be foreseen or controlled." *Yearwood v. Yearwood*, 2d District No. 16352, 1997 Ohio App. LEXIS 5965 (Dec. 31, 1997).

**{¶31}** In *Knapp v. Knapp*, 24 Ohio St.3d 141, 493 N.E.2d 1353 (1986), the Ohio Supreme Court held that the "it is no longer equitable" clause of Civ.R. 60(B)(4) "will not relieve a litigant from the consequences of his voluntary, deliberate choice to enter into a separation agreement in a dissolution of marriage proceeding." *Id.* at syllabus. The Ohio Supreme Court reasoned, "[i]t is abundantly clear from the record that [the former

husband] made a voluntary, deliberate choice to enter into the settlement agreement. * * * It would be unfair to relieve either party from the consequences of these choices simply because hindsight indicates they may not have been wise choices." *Id*. at 145.

{¶32} In *Lefevre v. Lefevre,* 8th Dist. No. 56470, 1990 LEXIS 163 (Jan. 25, 1990), this court found that the holding in *Knapp* curtailing the use of Civ.R. 60(B)(4) to relieve a party from the consequences of his voluntary, deliberate choice to enter into a separation agreement, extended to divorces as well as dissolutions. We stated that "[t]he fact that the case herein involves a divorce proceeding as opposed to a dissolution as in *Knapp* is immaterial since the separation agreement incorporated into the divorce decree was voluntarily entered into between the parties as was the separation agreement in *Knapp*." *LeFevre* at *10; *see also Williams v. Williams*, 8th Dist. No. 60118, 1991 Ohio App. LEXIS 833 (Feb. 28, 1991) (entitlement to relief pursuant to Civ.R. 60(B)(4) cannot be established where the movant seeks to be relieved of the consequences of his voluntary, deliberate choice to enter into a separation agreement).

{¶33} In the present case, appellant was in the best position to evaluate and negotiate the terms of the Separation Agreement. Appellant cannot now rely on Civ.R. 60(B)(4) to vacate his voluntary, deliberate choice to enter into an agreement merely because hindsight reveals he may not have made a wise choice. Under the present circumstances, the trial court did not abuse its discretion in refusing to vacate the judgment of divorce under Civ.R. 60(B)(4).

Civ.R. 60(B)(5)

**{¶34}** Finally, appellant argues that he is entitled to relief under the "'catch-all' provision" of 60(B)(5), which "reflects the inherent power of a court to relieve a person from the unjust operation of a judgment." *Caruso-Ciresi, Inc. v. Lohman*, 5 Ohio St.3d 64, 448 N.E.2d 1365 (1983), paragraph one of the syllabus.

**{¶35}** Appellant's motion for Civ.R. 60(B)(5) relief merely reiterates the arguments raised above. Accordingly, we are unable to conclude that this was an "extraordinary and unusual case" where the "interests of justice" warranted relief under Civ.R. 60(B)(5). *Harrison v. Doerner*, 8th Dist. No. 94270, 2010-Ohio-4682, ¶ 18.

**{¶36}** Based on the foregoing, we find that appellant has failed to satisfy the second prong of the *GTE* test. Therefore, the trial court did not abuse its discretion in denying appellant's motion for relief from judgment.

**{¶37}** Appellant's first assignment of error is overruled.

## II. Failure to Hold Evidentiary Hearing

**{¶38}** In his second assignment of error, appellant argues that the trial court abused its discretion by failing to hold an evidentiary hearing to effectively rule on the motion for relief from judgment.

**{¶39}** A party who files a Civ.R. 60(B) motion for relief from judgment is not automatically entitled to a hearing on the motion. Instead, the movant bears the burden of demonstrating that he or she is entitled to a hearing on the motion. To warrant a hearing on a Civ.R. 60(B) motion, the movant must allege operative facts that would

warrant relief under Civ.R. 60(B). *Kay v. Marc Glassman, Inc.*, 76 Ohio St.3d 18, 19, 665 N.E.2d 1102 (1996). Although a movant is not required to submit evidentiary material in support of the motion, a movant must do more than make bare allegations of entitlement to relief. *French v. Taylor*, 4th Dist. No. 01CA15, 2002-Ohio-114; *see also Your Fin. Community of Ohio, Inc. v. Emerick*, 123 Ohio App.3d 601, 607, 704 N.E.2d 1265 (10th Dist.1997).

{¶40} In the case subjudice, appellant presented a brief, his affidavit, and five exhibits to support his motion for relief from judgment. On review of those materials, the trial court concluded that appellant failed to present evidence sufficient to warrant a hearing on the motion for relief. We agree. Appellant failed to satisfy his burden of showing operative facts that would entitle him to relief under Civ.R. 60(B). The trial court, therefore, was not required to hold a hearing on the motion.

{¶41} Appellant's second assignment of error is overruled.

{¶42} Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

JAMES J. SWEENEY, PRESIDING JUDGE

KENNETH A. ROCCO, J., and
EILEEN A. GALLAGHER, J., CONCUR