[Cite as *Chapman v. Chapman*, 2015-Ohio-4833.]

**IN THE COURT OF APPEALS**

**ELEVENTH APPELLATE DISTRICT**

**LAKE COUNTY, OHIO**

| | | |
|---|---|---|
| CHERYL E. CHAPMAN, et al., | : | **O P I N I O N** |
| Plaintiffs-Appellees, | : | |
| - vs - | : | **CASE NO. 2015-L-039** |
| GEORGE D. CHAPMAN, SR., | : | |
| Defendant-Appellant. | : | |

Appeal from the Lake County Court of Common Pleas, Juvenile Division, Case No. 2009 SE 02149.

Judgment: Affirmed.

*Linda D. Cooper*, Cooper & Forbes, 166 Main Street, Painesville, OH 44077-3403 (For Plaintiff-Appellee, Cheryl E. Chapman.)

*Charles E. Coulson*, Lake County Prosecutor, and *Teri R. Daniel*, Assistant Prosecutor, Lake County Administration Building, 105 Main Street, P.O. Box 490, Painesville, OH 44077 (For Plaintiff-Appellee, Lake County Department of Job and Family Services, Child Support Enforcement Division.)

*David N. Patterson*, 33579 Euclid Ave, Willoughby, OH 44095-3199 (For Defendant-Appellant.)

THOMAS R. WRIGHT, J.

{¶1} This appeal arises from child support proceedings pursued by the Lake County Department of Job and Family Services, Child Support Enforcement Division "LCDJFS" on behalf of Cheryl E. Chapman "Cheryl" against appellant, George D. Chapman Sr. "George Sr." relative to their son, George Chapman, Jr. "George Jr."

George Jr. was born before the Chapmans were married, and this juvenile court child support action was initiated before they filed for divorce.

{¶2} George Sr. appeals two March 5, 2015, decisions. First, he appeals the trial court's judgment denying him Civ.R. 60(B) relief and asserts that the trial court's child support award to Cheryl was erroneously based on her false statements. Second, he appeals the separate, March 5, 2015 judgment entry ordering him to pay Cheryl's attorney fees. He argues that the trial court erred in finding that his motion to vacate was frivolous and in awarding associated attorney fees. George Sr. also argues that the juvenile court lacked jurisdiction to proceed when the suit was filed by LCDJFS in Cheryl's name and that the trial court judge erred in voluntarily recusing herself without authority to do so. For the following reasons, appellant's arguments lack merit and are overruled.

{¶3} On November 16, 2009, the LCDJFS filed a complaint against George Sr. for child support and health insurance coverage and reimbursement for George Jr. LCDJFS named George Jr.'s mother, Cheryl, as the plaintiff. George Sr. appeared for genetic testing, which confirmed that he was the biological father. The trial to establish child support was subsequently conducted by magistrate, and George Sr. failed to appear and defend. On March 24, 2011, the magistrate held in part that George Sr. was obligated to pay child support and medical support until the child's 19th birthday. It also found that George Sr. owed Cheryl a support arrearage in the amount of $19,555.68 from the date of the parents' separation, January 2006 through March 31, 2011. George Sr. timely objected to the magistrate's decision via his one-line objection: "I George Dale Chapman Sr. object to the court hearing that occurred 3/4/11." The trial court overruled his objection, noting that it was not served on other parties. On April 14,

2011, the trial court separately reviewed the magistrate's decision and adopted it in full. Neither party appealed this decision. On April 28, 2011, George Sr. again objected via a two-line objection that did not state any reasons for objecting, but just noted that he was objecting. His second objection was overruled as untimely.

{¶4} In October 2012, the LCDJFS filed a motion to show cause seeking to hold George Sr. in contempt for his continued noncompliance and nonpayment of child support. George Sr. subsequently requested court-appointed counsel. He wrote the following on his December 17, 2012 application for counsel:

{¶5} "I have not been allowed to submit my actual income! Ex-wife told Juvenile [court] we separated in 2006 but it was actually 2009. I have tried appealing and filed a complaint with the bar association, but could not afford a lawyer. These payments are falsely based and I have made payments this year."

{¶6} The motion to show cause was dismissed without prejudice in February 2013. George Sr. had court-appointed counsel at the time to defend the contempt motion. The LCDJFS again filed a motion to show cause in January of 2014 based on George Sr.'s nonpayment.

{¶7} George Sr. then secured private counsel, and on March 24, 2014, he filed a Civ.R. 60(B) motion to vacate the March 24, 2011 and April 14, 2011 decisions on the basis that Cheryl procured an excessive child support award via her false testimony as to the date of the parties' separation. George Sr. submitted an affidavit in support and alleged that Cheryl lied in her testimony to secure the child support arrearage award. He also averred that he lived with and supported Cheryl and George Jr. through December 2009. The magistrate's March 24, 2011, decision held that the parties separated in January of 2006. George Sr. also submitted an uncertified copy of the

3

parties' judgment entry of divorce in support, which notes that the parties' marriage ended "for purposes of these proceedings" on December 1, 2009. The judgment entry of divorce also indicates that the juvenile court had exclusive jurisdiction of the parties' son since he was not born during the marriage.

{¶8} In response, Cheryl secured private counsel and sought to have the Civ.R. 60(B) motion dismissed. The LCDJFS also opposed his Civ.R. 60(B) motion.

{¶9} The trial court held a hearing addressing the motion to show cause and the Civ.R. 60(B) motion. George Sr. and Cheryl were both present. On June 25, 2014, the trial court judge recused herself from presiding over this case based on a conflict of interest because she had previously represented George Sr.

{¶10} The matter was transferred to another judge, and Cheryl again moved to have George Sr.'s motion dismissed and requested attorney fees based on his pursuit of his frivolous motion to vacate.

{¶11} On December 8, 2014, the magistrate issued an eleven-page decision. It concluded in part that George Sr.'s motion to vacate the child support order was untimely filed beyond the one-year rule governing motions under Civ.R. 60(B)(3) based on fraud of the parties. It rejected the argument that the catch-all section in Civ.R. 60(B)(5) applied. George Sr. timely filed objections and again alleged that the trial court erred in permitting Cheryl's false testimony as to the ending date of their cohabitation. His objections noted that additional objections would be forthcoming once he obtained the transcript from the magistrate's hearing. However, this transcript was never filed.

{¶12} Cheryl's motion for attorney fees based on frivolous conduct was addressed at a subsequent hearing along with the motion to show cause based on George Sr.'s failure to pay his support obligations.

4

{¶13} On December 22, 2014, the magistrate issued a six-page decision encompassing the parties' agreement governing the show-cause motion. The terms of their agreement were read into the record, but were not included in the magistrate's written decision. George Sr. was ordered to pay $375 for Cheryl's attorney fees associated with the show-cause motion. It did not decide Cheryl's motion for attorney fees based on his alleged frivolous conduct at this time.

{¶14} On March 5, 2015, the trial court issued its decision as to the parties' objections to the magistrate's December 8, 2014, decision. It denied George Sr.'s objection, holding in part that the child support issues were in the juvenile court's exclusive jurisdiction and that the divorce case was "completely immaterial."

{¶15} The trial court also held on March 5, 2015 via separate judgment entry that Cheryl was entitled to an award of attorney fees because "[a] careful reading of the divorce decree * * * unambiguously shows child support remained in the exclusive jurisdiction of the Juvenile Court." It held that George Sr. engaged in frivolous conduct via his "baseless motion filing." Thus it awarded Cheryl $1,725 in attorney fees and $20 in costs.

{¶16} George Sr. timely filed the instant appeal and asserts four assignments of error:

{¶17} "The trial court erred to the prejudice of the Appellant by failing to set aside and vacate the Magistrate's Decision, dated March 24, 2011, by ruling that the Appellant's requests were untimely and that the trial court had no authority to review certain prior rulings, among other grounds. (T.d. 64, 91).

5

**{¶18}** "The trial court erred to the prejudice of the Appellant by ruling that his motions before it were frivolous in violation of Section 2323.51 of the Ohio Revised Code and Rule 11 of the Ohio Rules of Civil Procedure.

**{¶19}** "The trial court erred to the prejudice of the Appellant by allowing the lower court matter to proceed in the name of the Appellee, not ODJFS and the improper representation of the Appellee by the Lake County Prosecutor's Office.

**{¶20}** "The trial court erred to the prejudice of the Appellant by untimely and unnecessarily recusing the original, elected Judge without any prior notice or ability to oppose said request and in violation of Ohio law and rule."

**{¶21}** Appellant's first assigned error challenges the trial court's decision denying his Civ.R. 60(B) motion to vacate the trial court's March 24, 2011 decision.

**{¶22}** We review a trial court's decision to grant or deny a Civ.R. 60(B) motion for an abuse of discretion. *Preferred Capital, Inc. v. Rock N Horse, Inc.*, 9th Dist. Summit No. 21703, 2004-Ohio-2122, ¶9. "[A]n abuse of discretion is the trial court's 'failure to exercise sound, reasonable, and legal decision-making.' *State v. Beechler*, 2d Dist. No. 09-CA-54, 2010 Ohio 1900, ¶62, quoting Black's Law Dictionary (8 Ed.Rev.2004) 11. When an appellate court is reviewing a pure issue of law, 'the mere fact that the reviewing court would decide the issue differently is enough to find error (of course, not all errors are reversible. Some are harmless; others are not preserved for appellate review). By contrast, where the issue on review has been confined to the discretion of the trial court, the mere fact that the reviewing court would have reached a different result is not enough, without more, to find error.' *Id.* at ¶67." *Ivancic v. Enos*, 11th Dist. Lake No. 2011-L-050, 2012-Ohio-3639, 978 N.E.2d 927, ¶70.

6

**{¶23}** "To prevail on a motion brought under Civ. R. 60(B), the movant must demonstrate that: (1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ. R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time, and, where the grounds of relief are Civ. R. 60(B)(1), (2) or (3), not more than one year after the judgment, order or proceeding was entered or taken." *GTE Automatic Elec., Inc. v. ARC Indus., Inc.*, 47 Ohio St.2d 146, 351 N.E.2d 113 (1976), paragraph two of the syllabus.

**{¶24}** George Sr. asserts that relief from the trial court's child support and arrearage award against him is warranted because his ex-wife secured the large arrearage award through her false statements. Specifically, he claims that Cheryl misrepresented the date of the parties' separation and gave an incorrect date as to when he ceased supporting their son. George Sr.'s basis for relief falls under Civ.R. 60(B)(3) that specifically authorizes motions for relief from judgment based on fraud, misrepresentation, or other misconduct of an adverse party. Civ.R. 60(B) provides that motions based on these grounds shall be filed within a reasonable time and not beyond one year after the judgment or decision was entered.

**{¶25}** The basis for George Sr.'s motion was his ex-wife's alleged fraud and misrepresentations. Thus, his motion must have been filed within one year after these decisions were issued, or one year after March 24, 2011 and April 14, 2011. Civ.R. 60(B). Appellant's March 24, 2014, motion failed to satisfy this time constraint, and as such, the trial court appropriately held that George Sr.'s motion to vacate was untimely. Thus, George Sr. failed to satisfy the third prong of the *GTE Automatic Elec., Inc.* test. *Id.*

7

{¶26} George Sr. also alleges that his motion for relief from judgment fell under Civ.R. 60(B)(5), which is the catch-all provision authorizing relief from judgment based on "any other reason justifying relief from the judgment." Unlike motions based on Civ.R. 60(B)(3), Civ.R. 60(B)(5) motions are not limited by a one-year time limit.

{¶27} Appellant's assertion that he could be afforded relief from the trial court's judgment via the catch-all provision in Civ.R. 60(B)(5) is erroneous. *Harrison v. Doerner*, 8th Dist. Cuyahoga No. 94270, 2010-Ohio-4682, ¶17-18. In order to secure relief from judgment under Civ.R. 60(B)(5), the grounds for the requested relief must be substantial and extraordinary. *Id.* Further, this catch-all provision "is not to be used as a substitute for any of the more specific provisions of Civ.R. 60(B)." *Id.* at ¶18; *Caruso-Ciresi, Inc. v. Lohman*, 5 Ohio St.3d 64, 448 N.E.2d 1365 (1983) paragraph one of the syllabus.

{¶28} In *Settonni v. Settonni*, 8th Dist. Cuyahoga No. 97784, 2012-Ohio-3084, ¶35-36, the Eighth District held that the husband in that case was not entitled to relief from a divorce judgment under Civ.R. 60(B)(5) because his motion simply restated the arguments he made in support of his motion for relief from judgment under the other, more specific Civ.R. 60(B) provisions. Thus, because the facts before it were not extraordinary and unusual, the interests of justice did not warrant the requested relief. *Id.* Accordingly, the trial court appropriately denied George Sr. relief from judgment for this reason as well.

{¶29} Furthermore, George Sr. initially noted on the record that his ex-wife obtained the arrearage award against him via fraud on December 17, 2012. Yet, he did not file his motion to vacate pursuant to Civ.R. 60(B) until March 24, 2014. Thus,

8

assuming that there was no time limit on his motion to vacate, it was not filed within a reasonable time based on the facts in this case.

{¶30} Finally, we reject George Sr.'s contention that the juvenile court was "bound by" the domestic relations court's decision regarding the duration of the parties' marriage. This assertion is erroneous because the juvenile court proceeding to secure child support for George Jr. was instituted before the parties' divorce action in domestic relations court. Furthermore, it is undisputed that George Jr. was not born during the parties' marriage. In addition, George Sr. and Cheryl's judgment entry of divorce unequivocally states that its determination of the dates of the parties' marriage were for the divorce proceedings only and that the juvenile court had jurisdiction over the parties' son since he was not born during the marriage.

{¶31} R.C. 2151.23(A) provides in part: "The juvenile court has exclusive original jurisdiction under the Revised Code as follows: * * * * (11) * * * to hear and determine a request for an order for the support of any child if the request is not ancillary to an action for divorce, dissolution of marriage, annulment, or legal separation * * *." Thus, because the complaint for child support in this case was not ancillary to the Chapman's divorce action, it was properly heard by the juvenile court. Accordingly, George Sr.'s first assignment of error lacks merit in its entirety and is overruled.

{¶32} George Sr.'s second assigned error alleges the trial court erred in awarding Cheryl attorney fees under R.C. 2323.51 and Civ.R. 11. He argues first that there was no showing his conduct constituted a willful violation of Civ.R. 11. He also asserts that the trial court's award of fees was unreasonable and based on insufficient evidence.

9

{¶33} Cheryl sought attorney fees associated with her defense of George Sr.'s motion to vacate, which is outlined in his first assigned error and was based in part on determinations made by the domestic relations court in the Chapman's divorce case. After a hearing, the trial court awarded Cheryl $1,725 in attorney fees and $20 for costs to be paid by George Sr. as a result of his frivolous and "baseless motion filing."

{¶34} R.C. 2323.51(B)(1) provides in part that "any party adversely affected by frivolous conduct may file a motion for an award of court costs, reasonable attorney's fees, and other reasonable expenses incurred in connection with the civil action * * *. The court may assess and make an award to any party to the civil action or appeal who was adversely affected by frivolous conduct * * *."

{¶35} R.C. 2323.51(A)(2) defines "frivolous conduct," in part, as conduct by a party to an action that "is not warranted under existing law, cannot be supported by a good faith argument for an extension, modification, or reversal of existing law, or cannot be supported by a good faith argument for the establishment of new law."

{¶36} Whereas Civ.R. 11 provides in part: "The signature of an attorney * * * constitutes a certificate by the attorney * * * that the attorney * * * has read the document; that to the best of the attorney's * ** knowledge, information, and belief there is good ground to support it; and that it is not interposed for delay. * * * For a willful violation of this rule, an attorney * * *, upon motion of a party or upon the court's own motion, may be subjected to appropriate action, including an award to the opposing party of expenses and reasonable attorney fees incurred in bringing any motion under this rule."

{¶37} "Generally, a reviewing court will not reverse a trial court's decision to impose sanctions for frivolous conduct absent an abuse of discretion." *Drummond v.*

10

*Genoa Banking Co.,* 6th Dist. Ottawa No. OT-97-008, 1998 Ohio App. LEXIS 702, *9. A trial court abuses its discretion when it fails "to exercise sound, reasonable, and legal decision-making." *State v. Beechler*, 2d Dist. Clark No. 09-CA-54, 2010-Ohio-1900, ¶62, quoting Black's Law Dictionary (8 Ed.Rev.2004) 11. "Where the issue on review has been confined to the discretion of the trial court, the mere fact that the reviewing court would have reached a different result is not enough, without more, to find error." *Beechler* at ¶67.

**{¶38}** "Because the trial judge has observed the proceedings and is most familiar with the parties, their counsel and the basis for their actions, that court's finding of frivolous conduct is entitled to 'substantial deference upon review.' * * * An appellate court is, however, vested with the authority to conduct a *de novo* review to determine whether 'a pleading or argument is warranted under existing law or can be supported by a good faith argument for an extension, modification, or reversal of existing law * * * .' * * * Once a court has determined that frivolous conduct has occurred, it must make an additional factual determination that the moving party has been adversely affected by such conduct before determining whether an award of attorney fees is appropriate. R.C. 2323.51(B)(2)(a). An appellate court's review of attorney fees awarded pursuant to R.C. 2323.51 involves a determination of whether the trial court abused its discretion." (Citations omitted.) *Drummond* at *10-11.

**{¶39}** George Sr. filed his "motion to set aside and vacate judgment entry" on March 24, 2014. In response, Cheryl retained counsel to defend his motion to vacate. Before entering a notice of appearance, Cheryl's counsel wrote to George Sr.'s attorney to advise him about the deficiencies in his motion to set aside and vacate. Counsel's letter, which is attached to Cheryl's motion for attorney fees, states in part:

**{¶40}** "The parties were divorced by Entry filed June 27, 2011. Your client did not appeal the divorce decree.

**{¶41}** "On October 4, 2012 the Agency filed a Motion to Show Cause against your client. Your client was personally served. On December 17, 2012 your client filed a statement with the court complaining that the support should not have dated from 2006 because the parties actually separated in 2009. This appears to be the same complaint he is making in his current 60(B) motion. In addition, your client was represented by assigned counsel in 2012. There is no obvious reason why your client did not filed [sic] the 60(B) motion in 2012.

**{¶42}** "Your client currently complains that [the] domestic relations [court] establish[ed] the duration of the marriage from 2009. The trial court in a divorce must establish the duration of the marriage for the purpose of determining the <u>division of marital property</u>. R.C. 3105.171(F). * * *

**{¶43}** "Your client may not have made you aware of these facts and that is why I am bringing them to your attention. Your client cannot meet all the criteria necessary to prevail in his 60(B) motion. He must meet the requirement that his Motion is timely filed.

**{¶44}** "* * *

**{¶45}** "I am sending you this letter to give you an opportunity to consult with your client before I file further motions on the issue of frivolous conduct against your client."

**{¶46}** Approximately one month later, Cheryl filed her motion for dismissal of George Sr.'s Civ.R. 60(B) motion and asked for attorney fees based on his pursuit of this frivolous motion even when he was directly presented with evidence that his motion was untimely.

**{¶47}** The trial court awarded sanctions after concluding that George Sr. pursued his motion for relief by filing his baseless motion under Civ.R. 60(B). Accordingly, we review this determination de novo. *Id.* As we concluded under appellant's first assignment of error, George Sr.'s motion to vacate was untimely. While the ground for his motion was not unfounded, i.e., fraud, misconduct, and misrepresentations by an adverse party, it was properly denied in this case because it was filed beyond the applicable one-year time limit in Civ.R. 60(B). Thus, we agree with the trial court's decision that his motion lacked merit.

**{¶48}** Our determination that his motion lacked merit coupled with George Sr.'s continued pursuit of this motion in spite of notice to the contrary support the trial court's decision awarding Cheryl attorney fees under R.C. 2323.51. Unlike Civ.R. 11, R.C. 2323.51 does not require a showing of willfulness. Thus, the trial court did not abuse its discretion in awarding Cheryl attorney fees under R.C. 2323.51 that she incurred in defending his motion.

**{¶49}** Furthermore, consistent with Cheryl's motion for attorney fees, the trial court appears to have awarded her only the fees and expenses incurred as a result of her defense of the Civ.R. 60(B) motion. An appellant has the duty to order the pertinent transcript of proceedings in furtherance of his appeal. App.R. 9(B). If a transcript is unavailable or not prepared, an appellant may prepare and submit a statement of the evidence. App.R. 9(C). George Sr. did neither. Thus, we are unable review his argument that the fees awarded to Cheryl were unreasonable in light of his failure to secure and file the transcript of the hearing. *Hepfner v. Hepfner*, 7th Dist. Columbiana No. 05 CO 66, 2007-Ohio-595, ¶4.

13

**{¶50}** Based on the foregoing, and upon giving substantial deference to the trial court's decision, appellant's second assignment of error lacks merit and is overruled.

**{¶51}** George Sr.'s third assignment of error alleges that the trial court erred by permitting the case to proceed in Cheryl's name instead of in the name of ODJFS. We generally review issues concerning jurisdiction de novo. *Yu v. Zhang*, 175 Ohio App.3d 83, 2008-Ohio-400, 885 N.E.2d 278, ¶16 (2d Dist.).

**{¶52}** George Sr. also claims that the trial court erroneously allowed Cheryl to be represented by the Lake County Prosecutor's Office. We disagree.

**{¶53}** First, George Sr. never objected to the proceedings on this basis. Further, the Lake County Department of Job and Family Services, Child Support Enforcement Division properly pursued the child support on Cheryl's behalf. R.C. 3125.03 requires each county of the state of Ohio to establish an office of child support enforcement, and it sets forth the duties of the child support agency in part as: "The program of child support enforcement shall include the * * * establishment of parentage, establishment and modification of child support orders and medical support orders, enforcement of support orders, collection of support obligations, and any other actions appropriate to child support enforcement."

**{¶54}** R.C. 3125.03 was enacted to comply with Title IV-D of the Social Security Act of 1975, Title 42 U.S.C. 651. R.C. 3125.03; *Cuyahoga Cty. Supp. Enforcement Agency v. Lozada*, 102 Ohio App.3d 442, 446, 657 N.E.2d 372 (8th Dist.1995). The state programs were "to be designed 'for the purpose of enforcing the support obligation owed by absent parents to their children.'" *Id.* quoting Section 651, Title 42, U.S.C.

**{¶55}** R.C. 3111.04(A)(1) provides in part: "an action to determine the existence or nonexistence of the father and child relationship may be brought by the child or the

14

child's personal representative, the child's mother or her personal representative, * * * the child support enforcement agency of the county in which the child resides if the child's mother, father, or alleged father is a recipient of public assistance or of services under Title IV-D of the 'Social Security Act,' * * * ."

**{¶56}** "With the enactment of R.C. 3111.04, the General Assembly clearly included child enforcement agencies as parties in parentage actions. This addition allowed county departments of human services to initiate parentage actions, thus facilitating greater compliance with the federal requirements in Title IV-A and Title IV-D of the Social Security Act of 1975." *Cuyahoga Cty. Support Enforcement Agency* at 448.

**{¶57}** There is no evidence on the issue of whether Cheryl or George Sr. was a recipient of public assistance or services at the time the complaint for child support was filed. However, the complaint requested financial reimbursement under R.C. 3103.03(D). R.C. 3103.03(D) provides in part:

**{¶58}** "If a parent neglects to support the parent's minor child in accordance with this section and if the minor child in question is unemancipated, any other person, in good faith, may supply the minor child with necessaries for the support of the minor child and recover the reasonable value of the necessaries supplied from the parent who neglected to support the minor child."

**{¶59}** Further, the January 12, 2010 and May 4, 2010 magistrate's orders, among others, note that the parties present before it included the "IV-D prosecutor."

**{¶60}** The Ohio Supreme Court Board of Commissioners on Grievances and Discipline issued Opinion No. 90-10 on June 15, 1990, which states that IV-D counsel should only represent the state of Ohio and not the obligee parent in child support

15

actions. It concludes that IV-D counsels' interests lie with the state and that its representation of an obligee parent creates a conflict of interest. However, the Ohio Supreme Court Board of Commissioners on Grievances and Discipline does not conclude that actions brought in the name of the parent by IV-D counsel are void or that the trial court lacks jurisdiction to consider complaints captioned in this manner. Furthermore, George Sr. fails to identify any case or law showing that the trial court lacked jurisdiction to proceed in this case because the complaint was filed in Cheryl's name by the "IV-D" attorney.

{¶61} Thus, we cannot conclude that the child support enforcement agency lacked authority to proceed on Cheryl's behalf. Accordingly, appellant's third assignment of error lacks merit and is overruled.

{¶62} George Sr.'s fourth and final argument alleges that the trial court judge erred by voluntarily recusing herself from presiding over this case and that her recusal resulted in prejudice.

{¶63} Ordinarily, only the Chief Justice or her designee has the authority to hear and consider disqualification matters, and as such, an appellate court lacks authority to address a trial court judge's disqualification or to void a trial court's judgment on that basis. *State ex rel. Hough v. Saffold*, 131 Ohio St.3d 54, 2012-Ohio-28, 960 N.E.2d 451. Furthermore, a judge's decision to voluntarily recuse herself is a matter of judicial discretion. *State v. Martinez*, 3rd Dist. Seneca Nos. 13-11-32, 13-11-21, 2012-Ohio-3750, ¶28; *State ex rel. Gomez v. Nau*, 7th Dist. Noble No. 08 NO 355, 2008-Ohio-5685, ¶19.

16

{¶64} Ohio Judicial Canon 3 states: "[a] judge shall conduct the judge's personal and extrajudicial activities so as to minimize the risk of conflict with the obligations of judicial office."

{¶65} In this case, the original trial judge notes in her decision recusing herself that she previously represented George Sr. Thus, she voluntarily recused herself from presiding over the proceedings on June 26, 2014 to "avoid the appearance of impropriety" pursuant to the plaintiff's request. George Sr. did not appeal this decision.

{¶66} Accordingly, we find that her decision to recuse herself based on her prior attorney-client relationship with the defendant is consistent with Ohio Judicial Canon 3 and was not an abuse of discretion. George Sr. fails to direct us to any resulting prejudice. Thus, George Sr.'s fourth assignment of error lacks merit.

{¶67} In conclusion, appellant's assignments of error lack merit, and it is the judgment and order of this court that the judgments of the Lake County Court of Common Pleas, Juvenile Division, are affirmed.


DIANE V. GRENDELL, J.,

CYNTHIA WESTCOTT RICE, J.,

concur.

17