[Cite as *Dlugolinski v. Frances*, 2017-Ohio-5746.]

# Court of Appeals of Ohio

### EIGHTH APPELLATE DISTRICT
### COUNTY OF CUYAHOGA

### JOURNAL ENTRY AND OPINION
### No. 104995

## JOANN N. DLUGOLINSKI, ET AL.

PLAINTIFFS-APPELLANTS

vs.

## JOSELYN L. FRANCES, ET AL.

DEFENDANTS-APPELLEES

**JUDGMENT:**
AFFIRMED

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CV-16-858219

**BEFORE:** Stewart, J., Keough, A.J., and McCormack, J.

**RELEASED AND JOURNALIZED:** July 6, 2017

**ATTORNEYS FOR APPELLANTS**

Dan A. Morell
Dustin S. Lewis
Dan Morell & Associates Co.
200 Spectrum Office Building
6060 Rockside Woods Boulevard, North
Independence, OH 44131

Stacie Hackel Snow
Keith D. Weiner & Associates Co., L.P.A.
75 Public Square, 4th Floor
Cleveland, OH 44113


**ATTORNEY FOR APPELLEES**

Beverly A. Adams
Collins, Roche, Utley & Garner, L.L.C.
800 Westpoint Parkway, Suite 1100
Cleveland, OH 44145

MELODY J. STEWART, J.:

{¶1} Plaintiffs-appellants Joann and Stanley Dlugolinski appeal the trial court's denial of their motion for relief from judgment in a lawsuit following an automobile collision. In their single assignment of error, the Dlugolinskis argue that the trial court abused its discretion by denying their motion, and by doing so without conducting an evidentiary hearing or allowing them to file a reply brief. For the reasons that follow, we affirm.

{¶2} Following a car accident, the Dlugolinskis brought suit against defendants-appellees Joselyn and Hector Frances. The Franceses timely answered the complaint and asserted a counterclaim. The Dlugolinskis did not answer or otherwise respond to the counterclaim, and they did not appear for the case management conference. The Franceses moved for default judgment on their counterclaim. That day, counsel for both parties corresponded about the counterclaim and motion for default judgment via email. The Dlugolinskis did not respond to the motion for default, and they did not appear for the hearing on that motion. The court granted default judgment on the counterclaim.

{¶3} The Dlugolinskis filed a motion for relief from judgment pursuant to Civ.R. 60(B) and voluntarily dismissed their complaint without prejudice. The trial court denied their motion for relief without a hearing. This appeal followed.

{¶4} In order to prevail on a Civ.R. 60(B) motion for relief from judgment, the moving party must demonstrate: (1) a meritorious defense or claim to present if the court grants relief; (2) entitlement to relief based on one of the stated grounds in Civ.R. 60(B)(1) through (5); and (3) that the motion is timely. *Deutsche Bank Natl. Trust Co. v. Forgues*, 8th Dist. Cuyahoga No. 103613, 2016-Ohio-4702, ¶ 7, citing *GTE Automatic Elec., Inc. v. ARC Industries, Inc.*, 47 Ohio St.2d 146, 150-151, 351 N.E.2d 113 (1976). These three elements are "independent and in the

conjunctive." *Strack v. Pelton*, 70 Ohio St.3d 172, 174, 637 N.E.2d 914 (1994). Relief from judgment is thus foreclosed if the moving party fails to establish any one of these elements. *State ex rel. Richard v. Seidner*, 76 Ohio St.3d 149, 151, 666 N.E.2d 1134 (1996).

{¶5} The decision of whether to grant a Civ.R. 60(B) motion is one made within the trial court's discretion. We will not disturb the trial court's decision absent an abuse of that discretion. *Crown Auto Sales, Inc. v. Copart of Connecticut, Inc.*, 8th Dist. Cuyahoga No. 104366, 2016-Ohio-7896, ¶ 9. An abuse of discretion suggests that the court's attitude when ruling was unreasonable, arbitrary, or unconscionable. (Citations omitted.) *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983). "'[T]he result must be so palpably and grossly violative of fact or logic that it evidences not the exercise of will but the perversity of will, not the exercise of judgment but the defiance of judgment, not the exercise of reason but instead passion or bias.'" *Vaught v. Cleveland Clinic Found.*, 98 Ohio St.3d 485, 2003-Ohio-2181, 787 N.E.2d 631, ¶ 13, quoting *Nakoff v. Fairview Gen. Hosp.*, 75 Ohio St.3d 254, 662 N.E.2d 1 (1996). In reviewing for an abuse of discretion, we do not substitute our judgment for that of the trial court. *Rawlin Gravens Co., L.P.A. v. Jatsek Constr. Co.*, 8th Dist. Cuyahoga No. 100587, 2014-Ohio-1952, ¶ 11.

{¶6} The Franceses do not dispute the timeliness of the Dlugolinskis' motion, because it was filed eight days after the court granted default judgment. The Dlugolinskis contend that the Franceses were at fault for the collision: arguably a meritorious defense. Finally, the Dlugolinskis argue that they are entitled to relief from judgment under Civ.R. 60(B)(1) based on excusable neglect.

{¶7} In support of their claim for excusable neglect, counsel for the Dlugolinskis stated to the trial court that his law firm was in the process of restructuring at the time the Franceses filed their answer and counterclaim. He argued this was the reason for failing to answer. Counsel stated that such turnover caused an "administrative mishap," resulting not only in the failure to appear at the case management conference, but also in the failure to answer the counterclaim. Counsel alleged that he never received notice of the default hearing from the Franceses. He also alleged that he "has no record" of receiving notice from the court about the hearing, and that if he did receive notice, it was lost because of the employee turnover.

{¶8} The trial court denied the Dlugolinskis' motion, finding the neglect not excusable. The court based its findings on the pattern of neglect even after the breakdown in procedures at their counsel's office was discovered. Counsel for the Dlugolinskis admitted that his office received the counterclaim and failed to respond to it. The Dlugolinskis, via counsel, were notified about the motion for default judgment and failed to respond to it, and the court's docket indicates that they were notified about the hearing on the motion for default judgment, yet failed to appear.

{¶9} The Dlugolinskis have been represented by the same law firm with the same lead counsel at all stages of this litigation. Their counsel does not dispute that the trial court had his correct email address listed for contact. The trial court's docket reflects that counsel was personally sent notice that the case management conference was scheduled. It also reflects that he was personally sent notice of his failure to appear at it. Despite this, counsel maintains that he first learned of the counterclaim on the day that the Franceses filed their motion for default judgment.

{¶10} In the email exchange between counsel for both parties the day the Franceses moved for default judgment, counsel for the Dlugolinskis stated that he knew the counterclaim was filed. In that exchange, counsel for the Franceses advised him that she filed the motion for default judgment. He asked her for consent to file a motion for leave to plead, and counsel for the Franceses told him that she could not consent or withdraw the motion for default without consulting her clients. After this exchange, there was no further communication between the parties and no further action was taken to remedy the failure to answer the counterclaim or respond to the motion for default judgment.

{¶11} The Dlugolinskis argue that their case is similar to *Kay v. Marc Glassman, Inc.*, 76 Ohio St.3d 18, 665 N.E.2d 1102 (1996). In that case, the Supreme Court found that a litigant's failure to file an answer was excusable neglect where the answer to the complaint was initially prepared but, due to staff and management changes, was inadvertently returned to the case folder rather than filed with the court. In *Kay*, immediately upon discovery, the attorney acted to correct the error: he moved for relief from judgment, he attached multiple affidavits detailing the facts that lead to the neglect, and attached the answer to the motion. In light of this response, the court found the neglect excusable.

{¶12} Similar to *Kay*, this case involves staffing changes at a law firm and neglect in failing to respond to a pleading. However in *Kay,* the attorney took remedial steps to correct the error immediately upon discovery; whereas here, counsel responded by taking no actions upon discovery of the errors. Where a party could have prevented the occurrence of the event he later seeks to excuse, the neglect is not excusable. *Russo v. Fonseca*, 8th Dist. Cuyahoga No. 98527, 2012-Ohio-5714, ¶ 18, citing *Natl. City Bank v. Kessler*, 10th Dist. Franklin No. 03AP-312,

2003-Ohio-6938, ¶ 14.   Upon review, we cannot say that the court abused its discretion in finding that this neglect was not excusable.

{¶13} As additional support for the argument that the neglect was excusable, counsel for the Dlugolinskis averred in his affidavit that he did not receive notice from the Franceses of the default hearing.   Counsel did not, however, state in his affidavit that he received no notice from the court.   Even assuming that counsel never received the Franceses' letter or notice of the hearing from the court, counsel had a fundamental duty to keep abreast of the docket and status of the case.   *See Culler v. Marc Glassman, Inc.*, 8th Dist. Cuyahoga No. 101386, 2014-Ohio-5434, ¶ 17 ("[Counsel] has a general duty to check the docket and keep himself current regarding the status of the case.").

{¶14} The Dlugolinskis now argue that because they did not receive the Franceses' letter, they therefore did not have notice of the default hearing as required by Civ.R. 55 and a court order.   This argument is not persuasive, and it does not change our conclusion that the trial court did not abuse its discretion.   In relevant part, Civ.R. 55 provides that a party "shall be served written notice of the application for judgment at least seven days prior to the hearing on such application."   This court has interpreted "the spirit and the letter" of the rule to require that the party against whom default judgment is sought be given notice of the hearing either directly from the court or constructively by the setting of a hearing date on the docket.   *Suki v. Blume*, 9 Ohio App.3d 289, 291, 459 N.E.2d 1311 (8th Dist.1983).

{¶15} The record indicates that counsel for the Franceses sent notice of the default hearing via regular mail to the Dlugolinskis' counsel at his office. However, the envelope was addressed to the wrong suite number: 250, as opposed to counsel's suite, 200.   Counsel for the Franceses states that although the notice listed the wrong suite number, it was not returned as

undelivered. More significantly, the docket reflects that the court sent counsel notice of the hearing nearly a month in advance of it, and nowhere does counsel directly dispute this. As such, the Dlugolinskis' argument that they did not have notice pursuant to Civ.R. 55 is not well-taken.

{¶16} Moreover, the trial court did not abuse its discretion in not granting the Dlugolinskis a hearing on their motion. The moving party bears the burden of demonstrating entitlement to a hearing. *Settonni v. Settonni*, 8th Dist. Cuyahoga No. 97784, 2012-Ohio-3084, ¶ 39. To show entitlement to a hearing, the moving party must allege operative facts that warrant relief under the rule. (Citation omitted.) *Id.* Because the court, in its discretion, determined that the Dlugolinskis failed to allege a sufficient basis for relief in their motion, they were not entitled to a hearing on it. *See id.*

{¶17} Finally, the Dlugolinskis were not entitled to file a reply brief in support of their Civ.R. 60(B) motion. Loc.R. 11(D) of the Court of Common Pleas of Cuyahoga County, General Division, provides that "[r]eply or additional briefs upon motions and submissions may be filed with leave of the Court only upon a showing of good cause." Here, the record reflects that the Dlugolinskis filed a motion for leave to file a reply brief nearly a month after the court denied their Civ.R. 60(B) motion and had entered final judgment. Their purpose in doing so was apparently to highlight the fact that the Franceses' letter regarding the default hearing was sent to the wrong suite number. Before the court ruled on the motion though, they then filed their notice of appeal with this court. The trial court then denied the motion as moot. Regardless of the information contained in the reply brief, we still cannot find, based on the totality of the circumstances involved in this case, that the court abused its discretion in denying the motion for relief from judgment.

**{¶18}** Judgment affirmed.

It is ordered that appellees recover of appellants costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
MELODY J. STEWART, JUDGE

KATHLEEN ANN KEOUGH, A.J., and
TIM McCORMACK, J., CONCUR